# Exhibit 2

Esperanza Cervantes Anderson | SBN 197953
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.: (626) 219-6773
Fax: (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>       PLAINTIFF,<br><br>    v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>       Defendants. | Case No.: 8:24-cv-01989<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>2. **RETALIATION IN VIOLATION OF LABOR CODE §1102.5;**<br>3. **FAILURE TO PAY ALL WAGES DUE AT TERMINATION;**<br>4. **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200.**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Complaint for Damages

PLAINTIFF PATRICK BYRNE ("**PLAINTIFF**") complains and alleges as follows:

### PARTIES

1.   PLAINTIFF is a male resident of Orange County, California.

2.   PLAINTIFF is informed and believes that Defendant AMERIS BANK ("**AMERIS**") is organized as a corporation under the laws of Georgia, with a principal place of business in Atlanta, Georgia.

### JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.00.

4.   Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 139l(b), as the Defendant is found in, has or has had an agent or agents, has or has had contacts, and transact or have transacted business in this district.

### GENERAL ALLEGATIONS

5.   During all times relevant to this Complaint, Balboa Capital Corporation ("**BALBOA**") was and continues to be a financial technology company that provides business lending solutions to small and medium-sized businesses nationwide for the purchase or lease of business equipment.

6.   On or about December 10, 2021, AMERIS entered into a Stock Purchase Agreement whereby AMERIS acquired BALBOA. Through this Stock Purchase Agreement, BALBOA continued to operate in California as a division of AMERIS. BALBOA employees continued working for BALBOA performing the same job duties as they had before the Stock Purchase Agreement, except that employees were now considered employees of AMERIS, not BALBOA.

7.   Along these lines, on or about December 10, 2021, AMERIS entered into an Employment Agreement with PLAINTIFF whereby PLAINTIFF would

Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

continue to work at BALBOA as its Chief Executive Officer, while being an employee of AMERIS. The term of the Employment Agreement was from December 10, 2021 through December 31, 2024 ("Initial Term"). The Employment Agreement ("Agreement") would be automatically renewed for an additional one year period at the expiration of the existing term, whether the Initial Term or a Renewal Term, unless either party terminated the Agreement.

8.      On or about December 10, 2021, AMERIS issued the BALBOA Long-term Cash Incentive Plan ("**LTIP**"). The LTIP provided for cash bonus awards to eligible employees of the BALBOA division of AMERIS based on the achievement of performance goals by BALBOA during the performance periods.

9.      The potential for additional cash awards promised in the LTIP induced employees participating in the LTIP, including PLAINTIFF, to work above and beyond to increase BALBOA's profitability for AMERIS.

10.      Instead of honoring the promises made in the LTIP, AMERIS intentionally failed to properly calculate the earnings and performance of BALBOA so as to reduce BALBOA's earnings so that it would not have to pay any cash awards under the LTIP. AMERIS' miscalculations thereby reduced and/or eliminated the incentive compensation of BALBOA employees participating in the LTIP, including PLAINTIFF. As a result of AMERIS' intentional miscalculations, BALBOA employees participating in the LTIP, including PLAINTIFF, were deprived of the income they earned through their increased efforts.

11.      From June 2023 through his termination, PLAINTIFF complained repeatedly to AMERIS that they were improperly calculating BALBOA's earnings under the LTIP. PLAINTIFF complained to AMERIS that he and numerous other eligible employees were owed a larger Cash Award Bonus for their participation in the LTIP during 2022, a larger Cash Award Bonus for their participation in the LTIP during 2023, and that they were owed other monies.

- 3 -

Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

12. As a result of PLAINTIFF's complaints, AMERIS terminated PLAINTIFF'S employment effective June 30, 2024. PLAINTIFF is informed and believes and on that basis alleges that AMERIS decided to terminate his employment in retaliation for PLAINTIFF'S complaints about AMERIS' intentional miscalculation of BALBOA's earnings. Prior to PLAINTIFF'S complaints, AMERIS repeatedly told PLAINTIFF that they were happy with PLAINTIFF'S performance and that AMERIS wanted to continue the realationship with PLAINTIFF.

### DAMAGES

13. **Economic damages:** As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer loss of income and employment benefits in a sum to be proven at trial because AMERIS withheld monies earned by PLAINTIFF and owed to him pursuant to the Employment Agreement. Additionally, PLAINTIFF has suffered and will suffer harm, including lost past and future income and employment benefits in a sum to be proven at trial because he was terminated for complaining about unlawful violations of the California Labor Code which was depriving PLAINTIFF and other employees of AMERIS of millions of dollars in bonuses. PLAINTIFF has also lost the investment income PLAINTIFF would have earned had he been paid when the wages were due.

14. **Non-economic damages:** As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial. PLAINTIFF took great pride in his work as CEO. He personally hired many of the employees affected by AMERIS' violations of the California Labor Code. PLAINTIFF was devastated that he could not protect these employees from AMERIS' fraudulent conduct.

15. **Punitive damages:** AMERIS' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles

- 4 -

Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

PLAINTIFF to an award of exemplary and/or punitive damages.

a. **Fraud:** In addition, and/or alternatively, AMERIS' conduct, as alleged above, was fraudulent within the meaning of California Civil Code section 3294, including that AMERIS changed the methods of calculation of BALBOA's earnings. Additionally, AMERIS asserted false (pretextual) grounds for terminating PLAINTIFF were undertaken to cause PLAINTIFF hardship and deprive him of legal rights.

b. **Malice:** Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to PLAINTIFF and/or acted with reckless disregard for PLAINTIFF'S rights, including his right to be free from retaliation for voicing valid complaints about AMERIS' violations of the California Labor Code. This conduct was despicable and committed in willful and conscious disregard of PLAINTIFF'S rights to be free of retaliation.

c. **Oppression:** In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that AMERIS' actions against PLAINTIFF because of his complaints were "despicable" and subjected PLAINTIFF to cruel and unjust hardship, in knowing disregard of PLAINTIFF'S rights to a work place free of retaliation.

16. **Attorneys' fees:** PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

## COUNT I

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against AMERIS)

17. PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

///

- 5 -

Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

18. Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated or subjected to adverse action for a reason that is in violation of a fundamental public policy.

19. PLAINTIFF is informed and believes, and based thereon alleges, that AMERIS terminated his employment because he complained of unlawful violations of the California Labor Code which deprived employees of earned compensation. Thus PLAINTIFF'S termination was in violation of the public policy of the State of California and the United States imposing general business duties with which every business entity must comply.

20. As a proximate result of AMERIS conduct, PLAINTIFF has sustained and will continue to sustain economic damages in the form of lost wages and benefits, future lost wages and benefits, lost business and professional opportunities.

21. In addition, PLAINTIFF has sustained emotional and mental damages as a result of his anxiety, loss of self-esteem, loss of self-confidence, embarrassment, humiliation, worry and mental distress, all in an amount that is not currently known, but capable of proof at trial and within the jurisdictional limits of this court.

22. AMERIS' supervisory agents acted with malice, oppression, deceit, and with the intent to injure PLAINTIFF, or in reckless disregard of PLAINTIFF'S rights. PLAINTIFF was terminated by officers, directors or managing agents of AMERIS because *inter alia* he complained of business practices that were fraudulent and he refused to violate the California Labor Code. Alternatively, AMERIS authorized and ratified the conduct of its officers, directors and managing agents who maliciously engaged in the despicable act of terminating PLAINTIFF in conscious disregard of his right to be free of retaliation. PLAINTIFF is therefore entitled to punitive and exemplary damages. PLAINTIFF

- 6 -

prays for punitive damages against AMERIS in an amount to be determined at the time of trial, that is sufficiently high to punish AMERIS deter them from engaging in such conduct in the future, and to make an example of them to others.

## COUNT II

## RETALIATION IN VIOLATION OF LABOR CODE §1102.5

(Against AMERIS)

23. PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

24. At all times mentioned herein, the California Labor Code was in full force and effect and proscribed AMERIS' conduct.

25. AMERIS created the LTIP for the purposes of inducing employees working for BALBOA, a division of AMERIS, to perform work above and beyond what they had been doing. Beginning in 2024, after employees had already performed the work necessary to secure the results identified thoughout 2023, and despite Plaintiff complaining about the miscalculation of the Performance Formula starting in June 2023, AMERIS continued to change the Performance Formula so as deprive eligible employees of the promised cash awards. This affected approximately 145 employees. Throughout the beginning months of 2024, PLAINTIFF continued to complain repeatedly to AMERIS that their alterations to the Performance Formula retroactively removed many line items used to determine profitability, and as such, served to retroactively deprive all of the eligible employees of Cash Bonus Awards under the LTIP. These retroactive changes to the bonus structure deprived all of the eligible employees of earned wages in violation of Labor Code §§201, 202 and 219, among others.

26. PLAINTIFF is informed and believes, and thereon alleges that as a direct result of his complaints, and because PLAINTIFF refused to ignore the violations of the Labor Code, AMERIS terminated his employment.

27. As a proximate result of AMERIS' conduct, PLAINTIFF has

- 7 -

Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

sustained and will continue to sustain economic damages in the form of lost wages and benefits, future lost wages and benefits, lost business and professional opportunities.

28. Additionally, PLAINTIFF has sustained emotional and mental damages as a result of his anxiety, loss of self-esteem, loss of self-confidence, embarrassment, humiliation, worry and mental distress, all in an amount that is not currently known, but capable of proof at trial and within the jurisdictional limits of this court

29. As a further proximate result of the aforementioned wrongful conduct, PLAINTIFF has had to employ the services of attorneys to pursue his legal rights, to PLAINTIFF'S damage in an amount unknown at this time, but according to proof at trial.

30. The grossly reckless, and/or intentional, malicious, and bad faith manner in which AMERIS engaged in those acts as described in this cause of action entitles PLAINTIFF to punitive damages against AMERIS in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish AMERIS deter them from engaging in such conduct again, and to make an example of them to others.

**COUNT III**

**FAILURE TO PAY ALL WAGES AT TERMINATION**

**CALIFORNIA LABOR CODE §§201 AND 203**

(Against AMERIS)

31. PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

32. At all times relevant during the liability period, PLAINTIFF was an employee of AMERIS covered by California Labor Code Section 201.

33. Pursuant to Labor Code Section 201, PLAINTIFF was entitled, upon termination, to timely payment of all wages earned and unpaid prior to termination.

- 8 -

Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

34. AMERIS failed to pay PLAINTIFF all wages earned and unpaid prior to termination in accordance with California Labor Code Section 201. Indeed, to this day PLAINTIFF is still owed unpaid bonuses earned for his work in 2022 and 2023 as well as other wages.

35. AMERIS' failure to pay PLAINTIFF all wages earned at the time of termination in accordance with Labor Code Section 201 was willful. AMERIS had the ability to pay all wages earned in accordance with Labor Code Section 201 but failed to do so.

36. Pursuant to *inter alia* Labor Code Section 201, PLAINTIFF is entitled to all wages earned prior to termination that AMERIS did not pay him.

37. Pursuant to Labor Code section 203, PLAINTIFF is entitled to daily waiting time penalties equivalent to one day's wage from the day his earned and unpaid wages were due upon termination up to a maximum of thirty (30) days.

38. As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid for all wages earned prior to termination.

39. As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid all continuation wages/waiting time penalties owed under Labor Code section 203.

40. As a further result of AMERIS' conduct, pursuant to Labor Code sections 218.5, and 218.6, PLAINTIFF is entitled to recover interest on the unpaid final wages, reasonable attorneys' fees, and costs of suit.

**COUNT IV**

**VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**

(Against AMERIS)

41. PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

///

- 9 -

Complaint for Damages

42. Section 17200 of the California Business and Professions Code prohibits unfair competition by prohibiting any "unlawful, unfair or fraudulent business acts or practices . . .." PLAINTIFF is informed and believes that by (1) depriving employees of earned Cash Award Bonuses, and (2) terminating PLAINTIFF for complaining about AMERIS' intentional miscalculation of BALBOA'S earnings so as to avoid paying employees the Cash Award Bonuses promised in the LTIP, AMERIS violated their generally applicable duty, as recognized in the statutes cited above, to refrain from unfair and deceptive business acts and practices.

43. AMERIS' conduct as alleged herein violates the Unfair Competition Law. The business acts and practices of AMERIS as alleged herein, constituted and continue to constitute a continuing course of conduct that is unlawful, unfair and/or fraudulent. PLAINTIFF is informed and believes that such unlawful, unfair and/or fraudulent conduct continues to this day and AMERIS will continue such activity in the future. The harm to the general public and AMERIS' employees far outweighs any illegitimate benefit AMERIS may derive from their legal violations.

44. PLAINTIFF and members of the general public have been injured by AMERIS' unlawful, misleading and fraudulent general business practices. These violations persist to this day and have not been rectified. Therefore, PLAINTIFF has been injured by AMERIS' conduct and lost money as a result of said conduct.

45. PLAINTIFF is thus entitled to restitution, disgorgement of unlawful profits and an injunction preventing AMERIS from engaging in the unlawful practices discussed herein.

46. PLAINTIFF also requests an award of attorneys' fees, based on his vindication of a public interest and/or the Court's inherent equitable powers, in an amount to be established by proof at time of trial.

///

///

- 10 -

Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against AMERIS BANK as follows:

1.    For economic damages, including but not limited to past and future lost wages, commissions, bonuses and benefits, according to proof at trial;

2.    For non-economic, including but not limited to emotional distress damages, mental suffering, loss of reputation, anxiety, inconvenience, according to proof at trial;

3.    For punitive damages as allowed by law and according to proof at trial;

4.    For pre-judgment interest at the prevailing legal rate;

5.    For PLAINTIFF'S costs;

6.    For reasonable attorneys' fees, according to proof;

7.    For injunctive relief (as to PLAINTIFF'S cause of action for Violation of Business & Professions Code §17200); and

8.    For such other and further relief as this Court deems just and proper.

DATED:  September 16, 2024.        **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By: _____

Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

- 11 -

Complaint for Damages

**REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules Of Civil Procedure, PLAINTIFF hereby requests a trial by jury for all claims and issues so triable.

DATED:  September 16, 2024.　　**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By: _____

　　Esperanza Cervantes Anderson, Esq.
　　Attorney for PLAINTIFF
　　PATRICK BYRNE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 12 -

Complaint for Damages