# Exhibit 3

Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
1230 Columbia Street, Suite 860
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation<br><br>Defendants. | Case No. 8:24-cv-01989<br><br>**DEFENDANT AMERIS BANK'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: September 16, 2024 |

Defendant Ameris Bank ("Defendant"), through its undersigned counsel, hereby answers the Complaint ("Complaint") of Plaintiff Patrick Byrne ("Plaintiff"). Defendant denies each and every allegation of wrongdoing and/or liability set forth or implied in the Complaint. All statements of fact in this Answer for which Defendant does not have first-hand knowledge are made upon information and belief.

## ANSWER AS TO "PARTIES"

1. Admitted except that Defendant lacks sufficient knowledge or information to admit or deny as to Plaintiff's current residency, and therefore denies on that basis.

2. Admitted.

## ANSWER AS TO "JURISDICTION AND VENUE"

3. Paragraph 3 contains legal conclusions, arguments, and characterizations to which no response is required.

4. Paragraph 4 contains legal conclusions, arguments, and characterizations to which no response is required.

## ANSWER AS TO "GENERAL ALLEGATIONS"

5. Paragraph 5 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that since the December 2021 acquisition, Balboa Capital Corporation ("BALBOA") has been conducting business as a division of Defendant. Paragraph 5 reflects and covers some of the core business activities and primary services offered by BALBOA, a division of Defendant, but does not include every single product, feature or service it currently provides.

6. Defendant admits that a Stock Purchase Agreement was entered on or about December 10, 2021 and that BALBOA continues to operate in California as a division of Defendant. Defendant further admits that in connection with the transfer of BALBOA's business to Defendant following the acquisition, the employees of BALBOA became employees of Defendant, with such employees continuing to perform generally the same

///

*Byrne v. Ameris Bank*                                                    Case No. 8:24-cv-01989
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                    Page 2

job duties as before the acquisition. Paragraph 6 also contains legal conclusions, arguments, and characterizations to which no response is required.

7. Paragraph 7 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that on or about December 10, 2021, Defendant entered into an Employment Agreement with Plaintiff. Defendant further admits that the remainder of Paragraph 7 appears to be consistent with the express terms of Plaintiff's Employment Agreement, which speaks for itself.

8. Paragraph 8 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that it has established a cash bonus long term incentive program ("LTIP") in which Plaintiff was expected to participate. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that it has established the LTIP in which Plaintiff was expected to participate. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 8.

10. Paragraph 10 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that Plaintiff raised issues relating to LTIP calculations with Defendant. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's employment ended on June 30, 2024. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 12.

## ANSWER AS TO "DAMAGES"

13. Paragraph 13 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. Paragraph 14 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

## COUNT I

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

17. Defendant repeats and re-alleges its Answer to the foregoing paragraphs as though fully set forth herein.

18. Paragraph 18 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies any allegations of wrongdoing contained in this paragraph.

19. Paragraph 19 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

///

///

21. Paragraph 21 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

## COUNT II

## RETALIATION IN VIOLATION OF LABOR CODE §1102.5

23. Defendant repeats and re-alleges its Answer to the foregoing paragraphs as though fully set forth herein.

24. Paragraph 24 contains legal conclusions, arguments, and characterizations to which no response is required. Defendant denies any allegations of wrongdoing contained in this paragraph.

25. Paragraph 25 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant admits that Defendant has established the LTIP and that Plaintiff raised issues relating to LTIP calculations with Defendant. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

///

29. Paragraph 29 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

## COUNT III

### FAILURE TO PAY ALL WAGES AT TERMINATION

### CALIFONRI ALABOR CODE §§201 AND 203

31. Defendant repeats and re-alleges its Answer to the foregoing paragraphs as though fully set forth herein.

32. Paragraph 32 contains legal conclusions, arguments, and characterizations to which no response is required.

33. Paragraph 33 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35. Paragraph 35 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36. Paragraph 36 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37. Paragraph 37 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38.     Paragraph 38 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39.     Paragraph 39 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40.     Paragraph 40 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 40.

## COUNT IV

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

41.     Defendant repeats and re-alleges its Answer to the foregoing paragraphs as though fully set forth herein.

42.     Paragraph 42 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43.     Paragraph 43 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 44.

45.     Paragraph 45 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     Paragraph 46 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 46.

## ANSWER TO PRAYER

Regarding Plaintiff's prayer for relief, including all subparts, Defendant denies that any grounds exist for declaratory, injunctive, or equitable relief, or for monetary damages, non-economic damages, attorneys' fees, costs, interest, expenses, punitive damages, or any other relief against Defendant.

## AFFIRMATIVE DEFENSES

In addition, Defendant alleges the following affirmative defenses to Complaint on information and belief. By alleging the Affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability by Defendant or that Plaintiff is entitled to any relief whatsoever. Finally, all defenses pleaded below are based on Defendant's limited understanding of the claims being asserted by Plaintiff in the Complaint and are intended, among other things, to preserve all potential defenses upon further clarification of Plaintiff's claims and allegations.

Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including without limitation, Code of Civil Procedure §§ 337, 338, 339, 340, and 343, California Government Code § 12960,

California Business and Professions Code section 17208, and any other applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (At-Will Employment)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff, at all times during his employment with Defendant, was an "at-will" employee as defined in California Labor Code section 2922 and therefore terminable at-will.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Any recovery of damages on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages, if any, in connection with the matters referred to in the Complaint, and such failure to mitigate bars and/or diminishes Plaintiff's recovery, if any, against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

///

///

///

///

*Byrne v. Ameris Bank*                 Case No. 8:24-cv-01989

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT       Page 9

## SEVENTH AFFIRMATIVE DEFENSE

### (Doctrine of Waiver)

Through and by Plaintiff's own acts, omissions, and/or representations, Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of waiver and has waived the right, if any, to recover against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Doctrine of Consent)

Plaintiff is not entitled to any recovery sought in the Complaint because Defendant's alleged actions were just and reasonable and to the extent necessary, if at all, were consented to, authorized, approved or ratified by Plaintiff and/or other necessary persons.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff comes to this Court with unclean hands, and is, therefore, barred from recovery under this Complaint, or any cause of action thereof.

## TENTH AFFIRMATIVE DEFENSE

### (Defendant's Actions Were Not Willful)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part and/or recovery is precluded because the conduct of Defendant was not willful.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they acted. Defendant, therefore, did not commit any unlawful act against Plaintiff. Plaintiff's complaint is barred and all alleged causes of action therein are barred by the reasonable and good faith conduct of Defendant. Also, to the extent that "good cause" was required for any action taken by Defendant, such existed as a matter of law and such

///

---

*Byrne v. Ameris Bank*                                    Case No. 8:24-cv-01989
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                Page 10

action was not in violation of any fundamental public policy.  Accordingly, Plaintiff is barred from any recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Proper Exercise of Management's Discretion)

Any and all conduct of which Plaintiff complains and which is attributed to Defendant or Defendant's agents or employees was a just and proper exercise of management's discretion on the part of Defendant, its agents or employees, and was undertaken in good faith for legitimate and non-retaliatory reasons unrelated to any protected activity in which Plaintiff may have engaged, or any other unlawful factor.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy)

The exclusive remedy for all or some of the injuries alleged in Plaintiff's Complaint, if any remedy exists, is provided under California's workers' compensation laws, California Labor Code § 3200, *et seq*., including but not limited to Labor Code §§ 3601, 3602, and 5300.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Actions Were Reasonable)

Defendant's conduct was not oppressive, fraudulent, malicious, or in conscious disregard of Plaintiff's rights, if any.  Defendant at all times acted in a reasonable manner with no intent to inflict harm on Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's Complaint and each cause of action pled therein are barred to the extent that Defendant has discovered facts, or may later discover facts, which, if known to Defendant prior to Plaintiff's termination, would have created additional grounds or bases for a decision to discharge Plaintiff.  As a matter of law, the after-acquired evidence doctrine bars Plaintiff's recovery for such claims and/or cuts off damages for such claims.

///

---

*Byrne v. Ameris Bank*                                      Case No. 8:24-cv-01989
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                  Page 11

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part because the claims are ambiguous and uncertain, and thus fail to state a claim, in law or equity, against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Violations)

Plaintiff cannot recover for any alleged violations to the extent that Defendant had no knowledge, nor should have had knowledge, of any of the alleged violations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

Plaintiff fails to state facts sufficient to support an award of punitive damages against Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages against Defendant, violates Defendant's right to protection from "excessive" fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California, and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Entitled to Attorneys' Fees)

Plaintiff's Complaint, and each cause of action alleged therein, fails to allege facts sufficient to entitle Plaintiff to recover attorneys' fees.

///

///

---

*Byrne v. Ameris Bank*                                                    Case No. 8:24-cv-01989
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                    Page 12

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

Plaintiff's Complaint, and each alleged cause of action contained therein, is barred in whole or in part by the doctrine of avoidable consequences. Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant in its written policies or to avoid harm otherwise. A reasonable use of Defendant's procedures would have prevented some or all of the harm Plaintiff alleges to have suffered. (*See, e.g., Faragher v. City of Boca Raton* (1998) 524 U.S. 775, 807; *State Dept. of Health Services v. Sup. Ct. (McGinnis)* (2003) 31 Cal.4th 1026, 1043.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

Plaintiff's complaint, and each cause of action contained within, is barred to the extent that Plaintiff seeks punitive damages because, at all relevant times, Defendant had a written policy that specifically forbid retaliatory and other related practices and these policies were implemented in good faith. Plaintiff was aware of these policies, but failed to take advantage of them, even though Plaintiff knew such policies were intended to prevent and/or remedy any unlawful discrimination. Plaintiff failed to exhaust the internal remedies available to him to address and resolve his pending claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's recovery in this action is barred because he failed to exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

Any failure by Defendant to perform any duties on its part, which failure is specifically denied, was justified and privileged.

///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Obligations)

Defendant alleges that any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code §§ 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his employment duties and failed to comply substantially with the reasonable directions of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Alleged Acts Were Not Wrongful Termination)

Defendant alleges that Plaintiff's recovery in this action is barred because Defendant's alleged acts and/or omissions do not constitute wrongful termination as that term has been defined and construed by relevant statutes and case law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Damages Suffered)

Defendant alleges that Plaintiff has not suffered any damage as a result of any actions or omissions of Defendant or its agents, and Plaintiff is thus barred from asserting any cause of action against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant alleges that even if Plaintiff has suffered some damage or injury, Plaintiff's recovery, if any, should be reduced or barred because of Plaintiff's own acts, omissions, representations, consent to, participation in, acceptance of, comparative fault, and/or courses of conduct, which were a contributing proximate cause of said damage or injury.

///

///

///

///

---

*Byrne v. Ameris Bank*                                        Case No. 8:24-cv-01989
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                    Page 14

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

Defendant alleges that the claims are barred by reason of the fact that Plaintiff has engaged in acts and courses of conduct which rendered Plaintiff *in pari delicto*.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff's recovery in this action is barred because Defendant did not ratify, adopt, or condone the conduct alleged in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Public Policy Violation)

Defendant alleges that no employment decisions made regarding Plaintiff violated any well-defined public policy embodied in a constitution, statute, or regulation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

If and to the extent Plaintiff has sustained damages, these damages were not proximately caused by any conduct of Defendant as alleged or otherwise. In the alternative, Plaintiff's alleged damages, if any, were proximately caused by the negligence, fault and/or conduct of persons or entities other than Defendant. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of persons or entities other than Defendant up to, and including, 100 percent.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Malice)

The Complaint, and each cause of action alleged therein, fails to allege facts sufficient to support allegations of oppression, fraud and/or malice; therefore, Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto, and the prayer for relief, should be stricken.

///

///

---

*Byrne v. Ameris Bank*                                                    Case No. 8:24-cv-01989
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                 Page 15

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

Defendant alleges that Plaintiff's claims against Defendant are asserted in bad faith, and are frivolous, unreasonable, and without foundation. Defendant is therefore entitled to an award of costs and expenses of litigation, including reasonable attorneys' fees and costs.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Retaliatory Conduct)

Defendant alleges that Plaintiff is not entitled to any damages or other relief because at no time did Defendant engage in retaliatory conduct, as that term has been respectively defined and construed by relevant statutes and case law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Retaliation)

Plaintiff fails to state a claim for retaliation upon which relief can be granted because Plaintiff never engaged in protected activity within the meaning of the applicable statutes, including, but not limited to, Labor Code section 1102.5.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lawful Conduct)

Defendant alleges that it has never engaged in, encouraged, or conducted unlawful business activity, nor has it violated any state or federal law or regulation.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendant alleges Plaintiff's recovery is limited to the amount required to compensate for the harm experienced and Plaintiff may not recover more than he is entitled to.

///

///

///

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Formal Complaint)

Defendant alleges that Plaintiff never reported or submitted a formal complaint with Defendant with respect to any alleged retaliation or harm, or the claims encompassed by the Complaint.

## FORTIETH AFFIRMATIVE DEFENSE

### (Damages Reduced Pursuant to California Civil Code Section 1431.2)

The right of Plaintiff to any recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to Defendant pursuant to section 1431.2 of the California Civil Code.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Employer Exercised Care to Prevent and Correct Retaliation)

Defendant cannot be held liable for the injuries alleged by Plaintiff because Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Business Necessity)

To the extent Plaintiff claims or establishes he was subject to an adverse employment action or decision, Defendant asserts that any such action or decision was based on legitimate and non-retaliatory reasons and/or there was a reasonable belief that the action was justified based on evidence separate and apart from any protected disclosures. In the event Plaintiff shows retaliation was a motivating factor in any or all actions taken by Defendant, Defendant had legitimate and non-retaliatory reasons which would have led it to make the same decisions at the time.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Off-Set)

Defendant alleges that, to the extent liability is established, Defendant is entitled to an offset against any award of back pay in an amount equal to any and all interim

earnings by Plaintiff from other employers and/or other sources and any and all additional sums that constitute interim earnings that Plaintiff could have earned had he made reasonable efforts to mitigate his alleged damages, and/or money owed by Defendant.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Plaintiff voluntarily and with full knowledge of the matters alleged in his Complaint, assumed any and all risks, hazards, and perils of the circumstances alleged, and therefore assumed the risk of any injuries or damages sustained, if any.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

Defendant alleges any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with Defendant's standards and policies.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute of Compensation)

Plaintiff's Complaint, and each purported cause of action contained therein, for failure to pay all wages allegedly due at Plaintiff's alleged termination was not willful and/or there existed a good faith dispute as to the amount of compensation owed, if any.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

Plaintiff is not entitled to any award of waiting time penalties under any statute, theory or case law authority including Labor Code sections 201, 202, and 203.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Defendant

---

reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Reserves Right to Amend Answer)

Defendant reserves the right to amend its answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

## PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

2. That the Complaint be dismissed in its entirety with prejudice and that Judgment be entered against Plaintiff and in favor of Defendant on each cause of action;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. That Defendant be awarded all costs of suit incurred herein including reasonable attorneys' fees; and

5. That Defendant be awarded such other and further relief as the Court deems just and equitable.

DATED:  November 15, 2024

**NUKK-FREEMAN & CERRA, P.C.**

*s/ Stacy L. Fode*
Stacy L. Fode, Esq.
Nana Yee, Esq.
Attorneys for Defendant
AMERIS BANK