# Exhibit 4

Esperanza Anderson | SBN 197953
T. Stephen Corcoran | SBN 167880
**LAW OFFICE OF ESPERANZA ANDERSON**
1037 N. Allen Avenue
Pasadena, California 91104
Tel.: (626) 219-6773
Fax: (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>PLAINTIFF,<br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendants. | Case No.: 8:24-cv-01989- MWC (JDEx)<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO AMEND COMPLAINT; AND (3) TO EXTEND THE EXPERT DISCOVERY DEADLINES BY THIRTY DAYS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Discovery Cut-off: November 28, 2025<br>Final Pretrial Conference: May 22, 2025<br>Trial Date: June 1, 2026<br><br>*[Filed concurrently with Declaration of Esperanza Anderson; [Proposed] Order]* |

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

Pursuant to L.R. 7-19 and the Court's standing orders, Plaintiff PATRICK BYRNE ("Plaintiff") hereby applies to this Court *ex parte* for the following relief:

1. Modify the Civil Trial Order to allow Plaintiff to file a First Amended Complaint ("FAC"), and to extend the expert discovery deadlines, including the deadlines for disclosure, rebuttal disclosure and cut-off, by thirty (30) days to allow the Parties to designate experts to address the new claims, if necessary; and

2. Leave to file a First Amended Complaint ("FAC") adding claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and an accounting arising from newly-discovered evidence regarding Defendant AMERIS BANK's ("Ameris") breach of the agreement at issue in the Complaint.

Good cause exists for this *Ex Parte* Application, request for leave to amend, and request for a brief continuance of expert discovery cut-off. *See* L.R. 7-19, Fed. R. Civ. P. 16(b)(4). After months of meeting and conferring over Ameris' deficient discovery responses, Plaintiff only recently became aware of facts sufficient to support a claim that Ameris breached the contract that forms the basis of Plaintiff's employment retaliation claims at issue in this case, i.e., the Long-Term Cash Incentive Plan ("LTIP"). While no new fact discovery is necessary because the amendments conform to the evidence presented in this case, the Parties may wish to designate experts to address the new claims if the Court grants leave to amend. With the expert disclosure deadline fast approaching on December 5, 2025 (*See* Dkt. 22 [Civil Trial Order, p. 3]), Plaintiff will be prejudiced if he is unable to amend his complaint before being required to designate experts.

Further, leave to amend is proper because the amendment merely conforms the pleadings to proof, Ameris will not suffer any prejudice as a result of the amendment

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

because the relevant facts have always been within Ameris' exclusive possession and control, and Plaintiff has not engaged in bad faith or undue delay in seeking leave to amend. *See* Fed. R. Civ. P. 15(a); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

On December 1, 2025, Plaintiff's counsel called and sent an e-mail to Ameris' counsel to provide notice of the instant *Ex Parte* Application. *See* Declaration of Esperanza Anderson ("Anderson Decl."), ¶¶31, 32 and 33. Ameris stated during the LR 7-3 effort that it opposes Plaintiff's request to file a First Amended Complaint and request to modify the scheduling order. *Id.* Pursuant to L.R. 7-19, below is the contact information for Ameris' counsel of record:

Stacy L. Fode, Esq. (SBN 199883) sfode@nfclegal.com
Nana Yee, Esq. (SBN 272783) nyee@nfclegal.com
NUKK-FREEMAN & CERRA, P.C.
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

This *Ex Parte* Application is based on this Notice, the Memorandum of Points and Authorities, Declaration of Esperanza Anderson and the exhibits attached thereto, all pleadings and records on file in this action, and any other argument or evidence that may be presented in support of this *Ex Parte* Application.

Dated: December 1, 2025          **LAW OFFICE OF ESPERANZA ANDERSON**

By: _____
Esperanza Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

3

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ........................ 2

  A.  Background of Lawsuit. ............................................ 2

  B.  On September 16, 2024, Plaintiff Filed the Complaint. Despite Diligent Efforts by Plaintiff, Ameris Has Stonewalled Discovery. ................................................ 3

  C.  Ameris Also Stonewalled Plaintiff's Efforts to Depose Ameris' Witnesses. ................................................ 7

  D.  Ameris' Belated Document Productions and Deposition Testimony Disclosed Evidence Confirming That Ameris Breached The LTIP. ................................................ 8

  E.  Plaintiff Now Moves *Ex Parte* to Amend the Complaint to Conform the Pleadings to Proof and to Continue Expert Discovery by 30-Days ........................................ 10

III.  LEGAL ARGUMENT ................................................ 11

  A.  The Court Should Grant Plaintiff's Motion for Leave to Amend To Add New Claims Arising From Ameris' Breach Of The LTIP ................................................ 11

    1.  Good Cause Exists Because Plaintiff Acted Diligently and Ameris Withheld Critical Evidence. ........................ 11

    2.  Leave To Amend Should Be Granted Because The Proposed Amendments Are Supported By Newly Discovered Evidence And Will Conform Pleadings To Proof ........................ 13

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

i

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

a.   Ameris Will Suffer No Prejudice With The
Requested Amendment                                          14

b.   Plaintiff Has Not Engaged In Undue Delays
Or Bad Faith                                                 15

c.   The Proposed Amendments Are Not Futile
And This Is Plaintiff's First Request For
Leave To Amend                                               16

B.   *Ex Parte* Relief Is Warranted Because Plaintiff Will
Suffer Irreparable Harm and It Was Defendant's
Misconduct During Discovery That Created The Urgency,
Not Plaintiff                                                  19

IV.   CONCLUSION                                                  20

CERTIFICATE OF SERVICE                                            21

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR
LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT
DISCOVERY DEADLINES BY THIRTY DAYS

# TABLE OF AUTHORITIES

***Cases***

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010)          11

*Chang v. Cashman*, 723 F. Supp. 3d 772 (N.D. Cal. 2024)          15

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987)          13, 14, 16, 17

*DPR Const., Inc. v. ANKA (Cortez Hill) LLC*, No. 06CV0025, 2007 WL 1975166 (S.D. Cal. June 11, 2007)          14

*Foman v. Davis*, 371 U.S. 178 (1962)          14

*Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006)          11

*Herrera v. Cnty. of San Benito*, No. 24-CV-01133-NC, 2025 WL 2323350 (N.D. Cal. Aug. 11, 2025)          11

*Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004)          13, 15, 16

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).          11

*Krause-Pettai v. Unilever U.S., Inc.*, No. 20CV1672-LL-BLM, 2022 WL 2318689 (S.D. Cal. June 28, 2022)          11, 13

*McCoy v. CCA Holdings Corp.*, No. C 11-05054-PSG, 2012 WL 4718120 (N.D. Cal. Oct. 1, 2012)          14

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)          19

*Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074 (9th Cir. 1990)          14

*Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811 (2011)          17

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001)          13

*Pac. Vibrations, LLC v. Slow Gold Ltd.*, No. 22CV1118-LL-DDL, 2023 WL 3398539 (S.D. Cal. May 11, 2023)          17, 18

*Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469 (E.D. Cal. 2022)          14

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

iii

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

*Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105 (2014) ............ 18

*Robertson v. Bruckert*, 568 F. Supp. 3d 1044 (N.D. Cal. 2021) ............ 14

*SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081 (S.D. Cal. 2002) ............ 13, 16

*Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926 (S.D. Cal. 2020) ............ 17

*Sass v. Cohen*, 10 Cal. 5th 861 (2020) ............ 18

*Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir. 1987) ............ 16

*Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801 (N.D. Cal. 2024) ............ 14

*U.S. Equal Emp. Opportunity Comm'n v. Bay Club Fairbanks Ranch, LLC*, 475 F. Supp. 3d 1099 (S.D. Cal. 2020) ............ 11

*U.S. v. Real Prop. Located in Los Angeles, Cal.*, No. 220CV06314CASKSX, 2023 WL 3867767 (C.D. Cal. June 5, 2023) ............ 13

*Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338 (D. Nev. 2022) ............ 14

**Statutes and Local Rules**

Federal Rule of Civil Procedure 15(a) ............ 13

Federal Rule of Civil Procedure 16(b)(4) ............ 11

Federal Rule of Civil Procedure 16(b) ............ 12, 13

Local Rule 7-3 ............ 2, 9, 12

Local Rule 7-19 ............ 21

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

iv

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a wrongful termination, whistleblower retaliation lawsuit filed by Plaintiff Patrick Byrne ("Plaintiff") against Ameris Bank ("Ameris"). Plaintiff was the Chief Executive Officer of Balboa Capital Corporation ("Balboa"), which Ameris acquired in 2021. As part of Balboa's acquisition, Ameris established the Balboa Long-Term Cash Incentive Plan ("LTIP"), a contractual compensation program designed to incentivize Balboa's employees to increase their work hours in order to increase earnings for Ameris. As compensation for achieving certain performance metrics, eligible employees were rewarded with cash bonuses. After reaping the benefits of the Balboa employees' increased efforts, Ameris avoided paying the bonuses due by intentionally miscalculating the LTIP. Plaintiff alleges that Ameris terminated him in retaliation for repeatedly complaining about the miscalculations.

Plaintiff diligently conducted discovery into how Ameris administered and calculated the awards due under the LTIP. Plaintiff sought the production of documents since February 2025. Plaintiff's counsel attempted to depose Ameris' Rule 30(b)(6) designee as early as August 18. After months of obstruction, Ameris finally began producing the spreadsheets and emails requested in mid-to-late September 2025. Upon receipt and analysis of the documents, Plaintiff's counsel informed Ameris' counsel that Plaintiff intended to amend the Complaint to add causes of action for breach of contract and breach of the implied covenant of fair dealing.

In early November 2025, a few weeks before the discovery cut-off, Ameris finally produced witnesses for deposition. The documents produced coupled with the deposition testimony from early November confirmed Ameris' intentional miscalculations and breach of the LTIP. Additionally, Ameris' witnesses confirmed in early November that Ameris has no intention of paying him his required bonus for

1

meeting the LTIP in 2024. Plaintiff served Ameris' counsel with a revised proposed First Amended Complaint that included this claim and also included a cause of action for an accounting.

Now, after meeting and conferring with Ameris' counsel pursuant to Local Rule 7-3, Plaintiff brings this motion for leave to file the proposed First Amended Complaint attached as **Exhibit A** to the Declaration of Esperanza Anderson ("Anderson Decl."). Because Plaintiff brings this motion after the deadline to add new claims or parties in the Court's Civil Trial Order, Plaintiff also seeks an Order modifying the Scheduling Order to allow the amendment, and to avoid any potential for prejudice, to extend the expert discovery deadlines by 30 days. Notably, Plaintiff's requested relief does not require an extension of any other deadline in the Scheduling Order. The evidence necessary to prove/defend against Plaintiff's claims in his original complaint overlapped with the evidence necessary to prove/defend against the new contract-based claims. In light of this, and as set forth below, good cause exists for Plaintiff's requested relief.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Background of Lawsuit.

Balboa Capital Corporation ("Balboa") was a financial technology company, which provided nationwide business lending solutions for equipment purchases and leases. Dkt. 1 [Complaint ("Compl.") ¶ 5]. In December 2021, Ameris acquired Balboa through a Stock Purchase Agreement and Balboa continued operating as a division of Ameris. *Id.* [Compl. ¶ 6]. At the time, Plaintiff was the Chief Executive Officer ("CEO") of Balboa. *See id.* [Compl. ¶ 7]. As part of this acquisition, Ameris and Plaintiff entered into an Employment Agreement under which Plaintiff continued serving as Balboa's CEO. *Id.* [Compl. ¶ 7].

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

On December 10, 2021, Ameris created the LTIP to incentivize Balboa's employees to significantly increase Balboa's earnings. *Id.* [Compl. ¶ 9]. The LTIP provided for "Cash Bonus Awards" to eligible employees of Balboa based on the achievement of Performance Goals defined under the LTIP. *Id.* [Compl. ¶ 8]. Plaintiff alleges that the other 145 Balboa employees relied on the promised bonuses, and met increased earnings goals that should have triggered bonuses under the LTIP. *Id.* [Compl. ¶¶ 10-11].

However, Plaintiff alleges that Ameris intentionally lowered Balboa's net earnings by charging to Balboa millions of dollars of Ameris' expenses and failing to credit Balboa for income from other sources. *See id.* [Compl. ¶¶ 10-12]. In doing so, Plaintiff alleges that Ameris reduced the amounts it had to pay in bonuses for 2022 by more than one million dollars, and avoided paying any bonuses in 2023. *See id.* As a direct result of these complaints, Plaintiff alleges that Ameris terminated his employment effective June 30, 2024, despite having received positive performance reviews and repeated assurances that Ameris wanted Plaintiff to continue serving as the CEO of Balboa. *Id.* [Compl. ¶ 12]. The Complaint alleges Plaintiff's termination was in direct retaliation for challenging Ameris' miscalculations of Balboa's earnings to avoid paying the earned Cash Bonus Awards under the LTIP. *Id.*

**B.     On September 16, 2024, Plaintiff Filed the Complaint. Despite Diligent Efforts by Plaintiff, Ameris Has Stonewalled Discovery.**

On September 16, 2024, Plaintiff filed the instant lawsuit against Ameris, asserting claims based on his retaliatory termination for raising concerns about administration of the LTIP and Cash Bonus Awards. [Dkt. 1, Complaint.]  The Complaint asserts causes of action for (1) Wrongful Termination in Violation of Public Policy, (2) Retaliation [Cal. Lab. Code §1102.5], (3) Failure to Pay Wages Due

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

At Termination [Cal. Lab. Code §§ 201 and 203], (4) and Violation of Business & Professions Code § 17200. *Id.* [Dkt. 1, Compl., pp. 5-11].

On February 18, 2025, the Court entered the Civil Trial Order setting case deadlines, including a fact discovery cut-off of November 28, 2025. [*See* Dkt. 22.]

Plaintiff acted diligently to obtain information necessary to support his claims. [Anderson Decl., ¶6.] Plaintiff's efforts were initially delayed because Plaintiff's counsel, lives on the border of Altadena. [Id.] Plaintiff's counsel was evacuated during the fire and not allowed to return for weeks. [Id.] The date of the Scheduling Conference was extended because Plaintiff's counsel ran out of her home with only a few belongings when the mandatory evacuation notice came. [Id.] To complicate matters, Plaintiff's counsel is the sole caretaker for her 85-year-old mother. [Id.] Plaintiff's counsel's mother has post-polio syndrome. [Id.] She is bedridden and has severe dementia. [Id.] This prevented Plaintiff's counsel from returning home until after it was deemed safe enough to also bring her mother home. [Id.]

Against this backdrop, on February 20, 2025, Plaintiff propounded his first set of discovery in this case, seeking documents concerning Ameris' methodologies and calculations of the LTIP. [Anderson Decl., ¶7.] This evidence is directly relevant to the existing allegations—any inaccuracies or miscalculations would support a showing of Ameris' retaliatory motives for firing Plaintiff and is also directly relevant to the claims Plaintiff is now seeking to add to the Complaint. [Id.]

Despite propounding document requests in February 2025, Ameris failed to produce the most relevant documents until nearly seven months later in September 2025. [Anderson Decl., ¶8.] Ameris did so only after a marathon meet and confer session with Magistrate Judge John D. Early on September 11, 2025. [Id.]

4

Plaintiff's counsel sought documents and supplemental responses between April and August 2025 before finally seeking court intervention. [Anderson Decl., ¶9.]

- Between April 21, 2025 and May 31, 2025, Plaintiff's counsel tried to narrow the issues for a telephonic meet and confer through written correspondence with Ameris' counsel. [Id.]

- Ameris' counsel initially insisted on written communications during a failed telephonic meet and confer on April 29, 2025. Then throughout May, Ameris' counsel insisted on a telephonic meet and confer instead. [Id.]

- Between June 2025 and mid-July 2025, Plaintiff's counsel tried to set up a second telephonic meet and confer conference with Ameris' counsel. During this time period, junior associate Ali Hmoud was identified as the primary person on the meet and confer issue. [Anderson Decl., ¶10.]

- However, Plaintiff's efforts to schedule the requested meet-and-confer with Mr. Hmoud stalled. At no point did Mr. Hmoud's colleagues—partner Stacy Fode and Nana Yee—step in to facilitate this allegedly necessary call despite being copied on every email. [Id.]

Notably, throughout this time, Mr. Hmoud claimed that he needed to meet-and-confer with Plaintiff's counsel before Ameris could produce responsive documents. [Anderson Decl., ¶11.] As a result, during this time, Ameris produced only Plaintiff's pay records, Plaintiff's performance evaluations; some miscellaneous documents from Plaintiff's personnel file; and hundreds of pages of Employee Handbooks and Policies. [Id.] Although Plaintiff later learned that there were hundreds of e-mails responsive to his document requests, Ameris produced only 5 emails. [Id.]

5

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

Ameris' counsel has blamed Plaintiff's counsel for Ameris' failure to produce documents, claiming that Plaintiff delayed in providing ESI terms. [Anderson Decl., ¶12.] This excuse was soon revealed to be nothing more than a delay tactic. Once Plaintiff's counsel provided the pertinent ESI search terms, Ameris' counsel still refused to consider Plaintiff's suggested terms. [Id.][1]

After Mr. Hmoud left opposing counsel's law firm, partner and lead attorney Stacy Fode contacted Plaintiff's counsel to request more time claiming she had not been involved in the meet and confer efforts or day-to-day management of the case. [Anderson Decl., ¶13.] Plaintiff's counsel agreed to refrain from moving to compel in exchange for a stipulation to continue the discovery cut-off and other related dates, but not the trial date. [Id.; *see also* Dkt. 33.] However, the Court denied this stipulation. [Dkt. 34.]

Upon receipt of the Court's order, Plaintiff's counsel pressed forward. On August 7, 2025, Plaintiff served Ameris' counsel with his portion of a joint stipulation in support of Plaintiff's motion to compel. [Anderson Decl., ¶14.] The Court ultimately denied Plaintiff's motion to compel, finding that the parties should continue to meet and confer. [*See* Dkt. 57.] The Court ordered the Parties to attend an in-person meet and confer on September 11, 2025. [*Id.*] It was not until *after* the September 11, 2025, in-person meet and confer that Ameris finally began producing the lion's share of responsive documents. [*Id.*] Since September 11, 2025, Ameris

---

[1] Any delays attributable to Ameris' contrived dispute over ESI search terms cannot be considered delays on Plaintiff's part. Indeed, Plaintiff was not required to provide search terms in order to trigger Ameris' duty to produce responsive documents. In pertinent part, the Advisory Committee Notes for the 2006 Amendments to Federal Rule of Civil Procedure 34 provide: "… a Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information …"

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

has produced more than 1,500 documents and still continues to produce additional responsive documents to date.[2] [*Id.*]

## C. Ameris Also Stonewalled Plaintiff's Efforts to Depose Ameris' Witnesses.

While Plaintiff originally wanted to receive Ameris' document production before deposing Ameris' witnesses, upon receipt of the Court's denial of the Parties' stipulation to continue the discovery cut-off, Plaintiff began serving notices of deposition. [Anderson Decl., ¶16.] Ameris continued its obstructive tactics. [*Id.*]

For example, on August 7, 2025, Plaintiff served a Rule 30(b)(6) deposition notice on Ameris for a date unilaterally chosen by Plaintiff's counsel. [Anderson Decl., ¶17.] Although Plaintiff's counsel asked Ameris' counsel to communicate regarding the date chosen and notice, Ameris' counsel simply ignored this deposition notice. [*Id.*] Faced with Ameris' counsel's silence, Plaintiff's counsel withdrew the notice and told Ameris' counsel that Plaintiff would be serving an amended notice. [*Id.*] Again, Ameris' counsel ignored Plaintiff's counsel's email.

On August 20, 2025, Plaintiff's counsel served an amended notice of deposition. [Anderson Decl., ¶18.] Ameris' counsel waited until August 25 to serve objections to the notice claiming, among other things that counsel was unavailable. [*Id.*] Plaintiff moved forward with the deposition pointing out to Ameris' counsel that

---

[2] It bears emphasizing that, although Ameris began producing relevant documents, much of the initial documents was unusable. For example, Ameris' September 29, 2025 production was corrupted—Plaintiff's counsel was only able to view fragmented text with no Bates numbers, preventing authentication or use in depositions. [Anderson Decl., ¶15.] Ameris ignored multiple requests to correct the issue. [*Id.*] Plaintiff later learned from its e-discovery vendor—after noticing that defense counsel's version of the documents were legible and properly formatted with Bates-stamps—that Ameris had quietly repaired the files *after* Plaintiff had already downloaded the production. Inexplicably, Ameris failed to inform Plaintiff's counsel that they had done so, delaying and hindering Plaintiff's ability to use the documents. [*Id.*]

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

7

an objection did not excuse the duty to appear at a duly noticed deposition. [*Id.*] On September 3, 2025, Plaintiff obtained a Certificate of Non-Appearance for Ameris' Rule 30(b)(6). [*Id.*]

Thereafter, on September 16, 2025, Ameris' counsel provided dates for the Rule 30(b)(6) deposition and the depositions of other witnesses. [Anderson Decl., ¶19.] Although Plaintiff's counsel sent notices of deposition setting depositions between on the dates provided by Ameris, Ameris once again refused to have its witnesses appear. [*Id.*] In fact, true to form, Ameris failed to appear under a third amended Rule 30(b)(6) deposition notice scheduled for October 10, 2025, even though Ameris filed an *ex parte* application[3] for a protective order that Magistrate Judge Early denied. [*Id.*; *see* Dkt. 69.]

Ameris' continued failure to appear eventually necessitated further court intervention. [Anderson Decl., ¶20.] On October 22, 2025, Judge Early entered an Order setting the deposition schedule for Ameris' 30(b)(6) witness and all other witnesses. [*See* Dkt. 74.] From October 28, 2025 through November 17, 2025, Plaintiff was finally able to take the depositions of Ameris' witnesses. [*Id.*] On November 17, 2025, Judge Early entered a second order requiring Ameris' CEO H. Palmer Proctor to attend his deposition on November 19, 2025. [*See* Dkt. 81.]

**D.      Ameris' Belated Document Productions and Deposition Testimony Disclosed Evidence Confirming That Ameris Breached The LTIP.**

Once Ameris finally started producing responsive documents in September 2025, Plaintiff discovered for the first time that an amendment was necessary. [Anderson Decl., ¶21.]

---

[3] Ameris' *ex parte* application seeking a protective order is at Docket No. 65.

8

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Initially, during the in-person September 11, 2025 meet-and-confer conference, it became apparent that Ameris was fundamentally misconstruing Plaintiff's claims. [Anderson Decl., ¶21.] During the parties' discussion, Ameris repeatedly argued that the Complaint concerned only the size of Plaintiff's individual bonus, not that Plaintiff's claims were premised on Ameris' miscalculations under the LTIP more broadly impacting not only Plaintiff but all eligible Balboa employees. [*Id.*] In order to resolve this misunderstanding, Plaintiff sent Ameris a Proposed FAC which clarified the allegations on September 19, 2025, along and requested a meet and confer conference regarding whether Ameris' counsel would stipulate to allow Plaintiff to file the FAC. [Ex. C, Anderson Decl., ¶23.]

Following this initial amendment request, as Plaintiff continued reviewing Ameris' belated production in preparation for Plaintiff's October 27, 2025 deposition, Plaintiff's counsel uncovered additional evidence confirming: (1) the existence of a 2024 LTIP award (which had not yet been paid to Plaintiff), and (2) internal e-mails describing the methodology Ameris used to distribute LTIP awards, which was inconsistent with the contractual terms set forth in the LTIP. [Anderson Decl., ¶23.] Thus, on October 27, 2025, Plaintiff's counsel provided Ameris' counsel with a revised Proposed FAC and asked to meet-and-confer once again under Local Rule 7-3 to discuss Plaintiff's anticipated motion for leave to amend. [Ex. E, Anderson Decl., ¶23.]

Further, during depositions scheduled for the first week of November 2025, it became clear through witness testimony that Ameris had not complied with the LTIP calculation methodology and had no intention of paying Plaintiff his portion of the 2024 LTIP bonus. [Anderson Decl., ¶25.] Thus, Plaintiff's counsel once again revised the Proposed FAC to add these allegations to further support Plaintiff's breach of contract claim, plus an accounting cause of action to ensure the true amounts owed

9

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

would actually be paid by Ameris. [*Id.*] On November 12, 2025, Plaintiff's counsel served a revised Proposed FAC on Ameris' counsel, further requesting to meet and confer regarding the same. [Ex. G, Anderson Decl., ¶25.] Despite Plaintiff's meet and confer efforts, on November 18, 2025, Ameris advised it would not stipulate to Plaintiff's proposed amendment citing, among other things, that Plaintiff failed to timely request leave to amend under the Court's current scheduling order. [Ex. H, Anderson Decl., ¶26.]

Thus, as demonstrated, Ameris repeatedly objected to and withheld key discovery that would have evidenced Ameris' LTIP miscalculations much earlier in the lawsuit. Ameris' calculated delay in disclosing these critical documents and information until the eve of discovery cut-off prevented Plaintiff from uncovering and pursuing any contract-based claims earlier, unfairly prejudicing Plaintiff.

**E.** **Plaintiff Now Moves *Ex Parte* to Amend the Complaint to Conform the Pleadings to Proof and to Continue Expert Discovery by 30-Days**

Because Ameris withheld critical evidence regarding its administration of the LTIP until the eve of discovery cut-off, Plaintiff has been left with no choice but to seek urgent relief from this Court. To that end, Plaintiff files this *ex parte* application, respectfully requesting: (1) leave to file the Proposed FAC adding causes of action breach of contract, breach of the implied covenant of good faith and fair dealing, and for an accounting—all based on the newly-discovered evidence, and (2) a modest 30-day extension of the expert discovery deadlines to allow the Parties to designate experts to address the new claims, if necessary.

In accordance with L.R. 15-1, Plaintiff is concurrently filing a copy of the Proposed FAC in redline showing all changes from the current complaint. [Ex. A Anderson Decl., ¶2.]

///

10

## III.  LEGAL ARGUMENT

## A.  The Court Should Grant Plaintiff's Motion for Leave to Amend To Add New Claims Arising From Ameris' Breach Of The LTIP

### 1.  Good Cause Exists Because Plaintiff Acted Diligently and Ameris Withheld Critical Evidence.

Where a "scheduling order's deadline for amendments has passed, a party seeking leave to amend must first satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which states that '[a] schedule may be modified only for good cause and with the judge's consent.'" *Krause-Pettai v. Unilever U.S., Inc.*, No. 20CV1672-LL-BLM, 2022 WL 2318689, at *2 (S.D. Cal. June 28, 2022) (citing Fed. R. Civ. P. 16(b)(4)).  Good cause "is a non-rigorous standard that has been construed broadly." *Id.* (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).  A court "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.*

Courts routinely find good cause and grant leave to amend based on newly discovered information obtained in discovery.  *See Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend based on information obtained through discovery is common and well established."); *U.S. Equal Emp. Opportunity Comm'n v. Bay Club Fairbanks Ranch, LLC*, 475 F. Supp. 3d 1099, 1103 (S.D. Cal. 2020) (finding good cause supporting leave to amend where plaintiff "remain[ed] active in attempting to obtain new information to support the proposed FAC, as well as consistently attempt[ed] to resolve this issue by meeting and conferring with Defendant", thereby "demonstrate[ing] diligence and good cause to amend"); *Herrera*

11

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

*v. Cnty. of San Benito*, No. 24-CV-01133-NC, 2025 WL 2323350, at *2 (N.D. Cal. Aug. 11, 2025) (finding good cause where plaintiff propounded discovery in January-April 2025, learned facts to support proposed amendment in May 2025-June 2025, and moved to amend in July 2025, stating that "on this timeline, the Court concludes Plaintiff acted diligently and thus establishes good cause under Rule 16(b)").

Here, at the outset of this lawsuit, information establishing Ameris' failure to use methodologies provided under the LTIP to determine the amount of the Cash Bonus Awards was unknown to Plaintiff. Nor was it known to Plaintiff in April 2025, i.e., the deadline for the Court to hear motion for leave to amend. [*See* Dkt. 22, Civil Trial Order, p. 3.] Although Plaintiff diligently pursued discovery in February 2025, Ameris failed to produce any meaningful documents regarding its administration of the LTIP and calculations under the LTIP until September 2025, approximately **7 months later**. [Anderson Decl., ¶14.]

During this 7-month period, Plaintiff filed a motion to compel (ultimately denied without prejudice, requiring further meet and confer) and repeatedly engaged in meet-and-confers with Ameris, including through court-ordered in-person conference on September 11, 2025 that lasted over six hours. [*See* Dkt. 57.] It was only *after* the September 11, 2025 in-person conference that Ameris finally began producing documents showing Ameris used methodologies inconsistent with the LTIP. [Anderson Decl., ¶14.] And even then, many of the documents were unusable and the bulk of the substantive evidence supporting a breach of contract claim did not become fully accessible until late October to early November 2025, mere weeks before the November 28, 2025 discovery cut-off deadline. [Anderson Decl., ¶¶14 and 15.]

Moreover, as Plaintiff learned of the need to amend, and in compliance with his obligations under Local Rule 7-3, Plaintiff prepared and served multiple drafts of

12

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

the Proposed Amended Complaint to Ameris' counsel in an effort to avoid any motion practice. [Anderson Decl., ¶¶21-26.] Ultimately, on November 18, 2025, Ameris refused to stipulate. [Anderson Decl., ¶26.] Under these circumstances, good cause exists to grant Plaintiff's request for relief—Plaintiff acted diligently, despite Ameris' obstruction and withholding of key evidence until the end of the fact discovery period.

### 2. Leave To Amend Should Be Granted Because The Proposed Amendments Are Supported By Newly Discovered Evidence And Will Conform Pleadings To Proof

"When 'good cause' has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a)." *Krause-Pettai*, 2022 WL 2318689, at *3. Courts are required to "grant leave to amend freely when justice so requires." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quotations omitted). "Under Rule 15(a), courts are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Courts will grant leave to amend in order to allow pleadings to conform to proof. *See U.S. v. Real Prop. Located in Los Angeles, Cal.*, No. 220CV06314CASKSX, 2023 WL 3867767, at *6 (C.D. Cal. June 5, 2023) (granting leave to amend, stating "claimant only seeks to conform the pleadings to the arguments and proof").

There are five factors that district courts take "into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186.

13

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**a.    Ameris Will Suffer No Prejudice With The Requested Amendment**

*First*, there will be no substantial prejudice to Ameris with the proposed amendment.  "The burden is on defendants to demonstrate undue prejudice." *DPR Const., Inc. v. ANKA (Cortez Hill) LLC*, No. 06CV0025, 2007 WL 1975166, at \*7 (S.D. Cal. June 11, 2007) (citing *DCD Programs, Ltd.,* 833 F.2d at 187).  Notably, although "[t]he potential for some prejudice does not suffice to deny leave to amend . . .[,]  the United States Supreme Court has made clear that it is '*undue* prejudice' that warrants denial of leave to amend." *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis added).  The Ninth Circuit has stated that the prejudice must be "substantial". *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (the prejudice must have "greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.").

Courts routinely find an absence of undue prejudice where the facts relevant to the amendment are already known by or within the possession of the opposing party. *See, e.g.*, *McCoy v. CCA Holdings Corp.*, No. C 11-05054-PSG, 2012 WL 4718120, at \*4 (N.D. Cal. Oct. 1, 2012) (no undue prejudice, stating that "although [t]here would be some prejudice to [Defendant]….the facts relevant to [Defendant's defenses] are "uniquely within [Defendant's] possession."); *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 805 (N.D. Cal. 2024) (no undue prejudice where evidence needed by plaintiff to rebut new affirmative defense proposed by defendant was "already in [plaintiff's] possession"); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 483 (E.D. Cal. 2022) (no undue prejudice, in part, where there was "significant overlap" with the proposed amendment and the current claims); *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1048 (N.D. Cal. 2021)

14

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

(no undue prejudice where discovery was within possession of previously dismissed party to be re-added to the case, that party had knowledge about the underlying information at issue in the lawsuit, and even though the "close of fact discovery [was] quickly approaching", "the Court [could] exercise its discretion to continue deadlines…").

Here, the Proposed FAC conforms the pleadings to proof through the evidence recently obtained in discovery regarding Ameris' administration of the LTIP, its improper methodologies in calculating the LTIP payouts, and its refusal to pay Plaintiff any amounts owed under the LTIP for 2024. [Exh. A, Anderson Decl., ¶2.] Indeed, Ameris has been on notice of Plaintiff's concerns regarding its compliance with the LTIP since well-before his termination in June 2024. *See* Dkt. 1. Not only did Plaintiff repeatedly complain about Ameris' calculations under the LTIP and the fact that Balboa employees were being unlawfully deprived of their earned wages while he was still employed as Balboa's CEO, but Plaintiff also alleges that those complaints ultimately led to his wrongful termination. [*See Id.*] Further, the discovery that now substantiates the proposed contract-based claims—as well as any defenses that Ameris may assert—has always been uniquely within Ameris' exclusive possession and control. Because the amendment merely aligns the pleadings with evidence Ameris delayed producing, Ameris cannot credibly claim prejudice.

### b. Plaintiff Has Not Engaged In Undue Delays Or Bad Faith

Further, in evaluating whether leave to amend should be granted, district courts consider whether the moving party has engaged in undue delay or bad faith. *See Johnson*, *356* F.3d at 1077.

As to undue delay, the "inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *Chang v.*

15

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

*Cashman*, 723 F. Supp. 3d 772, 782 (N.D. Cal. 2024) (citations omitted). In addition, courts have understood bad faith "to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction". *SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086 (citing *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987)); *see also DCD Programs, Ltd.*, 833 F.2d at 187 (equating "bad faith" to having a wrongful motive).

In this case, there has been no undue delay or bad faith. First, Plaintiff could not have asserted the contractual claims in the Proposed FAC earlier in the case because he only recently discovered through Ameris' belated document productions in October 2025 and testimony in early November 2025 that there was evidence showing Ameris breached various provisions under the LTIP and was refusing to pay Plaintiff his bonus for 2024. [Anderson Decl., ¶25.] Immediately upon uncovering this evidence, Plaintiff drafted multiple versions of the Proposed FAC and promptly initiated the required Local Rule 7-3 meet-and-confers. [*Id.*, ¶¶ 21-25.]

If there has been any bad faith in this case, it lies with Ameris—not Plaintiff. Ameris obstructed and delayed discovery for months, withheld and obscured key documents, ignored multiple deposition notices, and forced Plaintiff to incur expenses traveling to properly noticed depositions only to be met with a non-appearance. [*Id.* at ¶¶ 7-21.] Far from acting in bad faith or engaging in delays, Plaintiff is simply seeking to amend the Complaint based on the evidence Ameris failed to timely produce.

### c. The Proposed Amendments Are Not Futile And This Is Plaintiff's First Request For Leave To Amend

Lastly, in evaluating whether to grant leave to amend, courts consider the number of amendments and whether the amendments would be futile. *See Johnson*,

16

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

*356* F.3d at 1077.  For starters, this is Plaintiff's *first* request for leave to amend. [Anderson Decl., at ¶ 2.]

Moreover, an amendment is futile only if it would be clearly subject to dismissal. *DCD Programs, Ltd.,* 833 F.2d at 188.  However, "denying leave to amend for futility is 'rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Pac. Vibrations, LLC v. Slow Gold Ltd.*, No. 22CV1118-LL-DDL, 2023 WL 3398539, at *3 (S.D. Cal. May 11, 2023).  Here, the Proposed FAC alleges new claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and an equitable claim for an accounting based on Plaintiff's allegations that Ameris failed to comply with various provisions of the LTIP. [Proposed FAC ¶¶ 11-14, 49-65, Ex. A, Anderson Decl., ¶2.]

To state a breach of contract claim, a plaintiff must establish:  "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  "A claim for breach of the implied covenant of good faith and fair dealing requires the same elements [as a claim for breach of contract], except that instead of showing that defendant breached a contractual duty, the plaintiff must show, in essence, that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting."  *Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp. 3d 926, 945 (S.D. Cal. 2020) (citations omitted).

In this case, the Proposed FAC adequately alleges facts supporting each of these elements: (1) alleges the LTIP as a contract between Plaintiff and Ameris, (2) alleges the specific terms of the agreement requiring, among other things, Ameris to calculate Balboa's EBT using methods consistent with the "Pioneer 1Q21 Operating

17

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Model" and to correctly apply certain "Key Assumptions" for purposes of calculating the EBT and to pay Plaintiff a Cash Bonus Award for 2024, (3) alleges Plaintiff's substantial performance under the LTIP, (4) alleges Ameris' material breach of the LTIP by failing to calculate Balboa's EBT correctly or pay Plaintiff a Cash Bonus Award, and (5) alleges Plaintiff's damages. [Proposed FAC ¶¶ 49-55, Ex. A, Anderson Decl., ¶23.]

Further, the Proposed FAC alleges Ameris violated the implied covenant of good faith and fair dealing by failing to act honestly and perform under the LTIP in good faith. [Proposed FAC ¶¶ 56-61, Ex. A, Anderson Decl., ¶23.]. These allegations are sufficient to state a claim for both breach of contract and breach of the implied covenant. *See, e.g.*, *Pac. Vibrations, LLC v. Slow Gold Ltd.*, No. 22CV1118-LL-DDL, 2023 WL 3398539, at *3 (S.D. Cal. May 11, 2023) (granting leave to amend to add breach of contract and breach of implied covenant claims and finding no futility, commenting that both claims have "distinct elements and remedies").

In addition, the Proposed FAC asserts an equitable claim for an accounting. "An action for an accounting has two elements: (1) 'that a relationship exists between the plaintiff and defendant that requires an accounting' and (2) 'that some balance is due [to] the plaintiff that can only be ascertained by an accounting.'" *Sass v. Cohen*, 10 Cal. 5th 861, 869 (2020) (citations omitted). "[W]here the books and records are so complicated that an action demanding a fixed sum is impracticable, an accounting is appropriate." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1137 (2014).

Here, Plaintiff and Ameris had a contractual agreement under the LTIP, pursuant to which Plaintiff was entitled to compensation based on Balboa's performance. The new documents at issue show that Ameris failed to use the contractually required inputs and accounting methodologies under the LTIP (i.e., the

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

18

"Pioneer 1Q21 Operating Model"), which Plaintiff alleges impacted the amount of compensation owed under the LTIP to Plaintiff and Balboa employees. *See*, [Proposed FAC ¶¶ 63-65, Ex. A, Anderson Decl., ¶23.] Because the accounting methodologies used are within Ameris' exclusive knowledge and possession and those methodologies inherently implicate complex calculations, the Proposed FAC's inclusion of an accounting claim is both appropriate and necessary to resolve the balance owed to Plaintiff under the LTIP and ensure complete relief. The Proposed FAC's inclusion of this claim is therefore proper and plainly not futile.

**B.     *Ex Parte* Relief Is Warranted Because Plaintiff Will Suffer Irreparable Harm and It Was Defendant's Misconduct During Discovery That Created The Urgency, Not Plaintiff**

Finally, *ex parte* relief is warranted where the moving party establishes (1) that it will "be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) that it is "without fault in creating the crisis that requires *ex parte* relief, or the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are satisfied.

First, expert discovery deadlines are scheduled to begin on December 5, 2025 and end on January 2, 2026, leaving insufficient time for a regularly noticed motion to be heard. [*See* Dkt. 22, Civil Trial Order, p. 3.] Given the holidays, the earliest date Plaintiff can have this motion heard is January 9, 2026, one week after the expert discovery cut-off. Without *ex parte* relief, Plaintiff will be irreparably harmed—he will be unable to amend the Complaint before the close of expert discovery based on recently discovered evidence that Ameris previously withheld.

*Second*, Plaintiff did not create the current urgency—Ameris did. As previously illustrated, Ameris left Plaintiff with only a matter of weeks before

19

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

discovery cut-off to evaluate whether there was sufficient evidence to establish the claims presently at issue in the Complaint, but also to assess whether there was a sufficient basis to allege Ameris' breach of the LTIP. *See, supra*, §§ II (B)-(D).  Thus, Ameris' own misconduct has necessitated this application for *ex parte* relief at this stage.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant this *Ex Parte* Application and enter an order (1) granting leave to file the Proposed First Amended Complaint, (2) modifying the Scheduling Order to allow Plaintiff to file a First Amended Complaint, and to extend the current expert discovery deadlines by thirty (30) days to enable the Parties to designate the appropriate experts, if any, to address the new claims.

Dated: December 1, 2025          **LAW OFFICE OF ESPERANZA ANDERSON**

By: _____

Esperanza Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

Type text here

PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (3) TO EXTEND EXPERT DISCOVERY DEADLINES BY THIRTY DAYS

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**CERTIFICATE OF SERVICE**

I certify that on December 1, 2025, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system.

In addition, I certify that on December 1, 2025, I telephoned Ameris' counsel of record to notify them that Plaintiff intended to file this *ex parte* application, and I served the foregoing by e-mail on Ameris' counsel of record.

Pursuant to L.R. 7-19, below is the contact information for Ameris' counsel of record:

Stacy L. Fode, Esq. (SBN 199883) sfode@nfclegal.com
Nana Yee, Esq. (SBN 272783) nyee@nfclegal.com
NUKK-FREEMAN & CERRA, P.C.
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Dated: December 1, 2025

Esperanza Anderson