# Exhibit 5

Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO AMEND COMPLAINT; AND (3) TO EXTEND THE EXPERT DISCOVERY DEADLINES BY THIRTY DAYS**<br><br>**Courtroom: 6A**<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

*Patrick Byrne v. Ameris Bank*                                             *Case No. 8:24-01989*
Defendant Ameris Bank's Opposition to Plaintiff's *Ex Parte* Application
to Modify Scheduling Order

## I. PRELIMINARY STATEMENT

Plaintiff Patrick Byrne ("Plaintiff")'s *ex parte* application is improper and must be denied, as the underlying alleged "emergency" was caused by Plaintiff's own lack of diligence and failure to meet and confer in violation of the Local Rules. As stated in prior filings with this Court, Plaintiff has not shown he "used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490, 493 (C.D. Cal. 1995).

As to Plaintiff's request to modify the scheduling order to continue expert discovery, Plaintiff made ***no*** effort to meet and confer with Defendant Ameris Bank ("Ameris") regarding the request to extend the expert discovery deadline. Additionally, Plaintiff did not make good faith or reasonable efforts to provide oral notice of the *ex parte* application, deciding instead to leave a single voicemail message and send a single email hours before filing the instant application. These are sufficient bases on their own to deny Plaintiff's application. Plaintiff has also failed to establish good cause for the requested delay and regurgitates arguments made in the parties' July 23, 2025 Joint Stipulation to Modify Scheduling Order to Continue Discovery and Motion Cut-offs, ***which was <u>denied</u> by this Court on July 24, 2025***. Plaintiff's present application is an improper attempt to obtain reconsideration of this prior ruling.

In addition to the timing and procedural deficiencies of Plaintiff's request to obtain modification of the scheduling order, Plaintiff's emergency request for leave to amend his Complaint is also substantively deficient. Plaintiff's request to amend the Complaint is ***seven months after the Court-ordered deadline to hear motions to amend the pleadings of April 11, 2025*** [Dkt. 22], after the fact discovery deadline, and there is no cause – let alone good cause - for the delay. The information upon which Plaintiff bases his request to amend his Complaint was previously available to him at the time he filed the original Complaint, and there are no new facts or grounds on which to amend the Complaint. Moreover, an amended pleading at this late date is prejudicial to Ameris

---

*Patrick Byrne v. Ameris Bank*                                      *Case No. 8:24-01989*
Defendant Ameris Bank's Opposition of Plaintiff's Application
to Modify Scheduling Order                                                    Page 1

because fact discovery is complete and trial and motion deadlines, including the deadline for Ameris to bring a Motion for Summary Judgment, are fast approaching. Modification of the scheduling order to allow for an amended pleading and/or extend expert discovery would be extremely prejudicial.

Ultimately, Plaintiff's late *ex parte* application is a misguided and untimely attempt to extend discovery. Given Plaintiff's gamesmanship and failure to meet and confer in good faith, Plaintiff's *ex parte* application to modify the scheduling order and for leave to amend his complaint should be denied.

## II. STATEMENT OF FACTS

### A. Plaintiff's Delays in the Discovery Process

Plaintiff's delays throughout the discovery process are well documented in the motions filed with this Court. [*See* Dkt. Nos. 33, 58, 59, 65, 72, 78, 83]. We will not belabor the Court with a recitation of the numerous discovery disputes between the parties. However, Ameris disputes Plaintiff's narrative. In short, the discovery delays were due to Plaintiff's conduct, not Defendant's. Most of the arguments contained in Plaintiff's application were contained in the parties' ***July 23, 2025*** Joint Stipulation to Modify Scheduling Order to Continue Discovery and Motion Cut-offs, which was denied by this Court on ***July 24, 2025***. [*See* Dkt. Nos. 33, 34].

Additionally, as stated in detail in Ameris's October 6 *ex parte* application [Dkt. 72] and summarized in Ameris's October 17 opposition to Plaintiff's *ex parte* application [Dkt. 78], Plaintiff's first request to depose individual defense witnesses was made on September 5, 2025 – just two months before fact discovery cut-off. [Dkt. 72-1, ¶ 9). Despite the compressed schedule, Ameris worked diligently to schedule and defend all depositions prior to discovery cut-off. Therefore, there has been no delays attributable to Ameris and Plaintiff cannot show why this application is an emergency requiring modification of the scheduling order.

///

///

---

*Patrick Byrne v. Ameris Bank*                                   *Case No. 8:24-01989*
Defendant Ameris Bank's Opposition of Plaintiff's Application
to Modify Scheduling Order                                              Page 2

## B. Plaintiff's First Amended Complaint ("FAC")

Per the scheduling order [Dkt. 22], the last day to hear motions to amend the pleadings or add parties was *April 11, 2025*. On *September 19, 2025*, Plaintiff sent Ameris its *first* draft of the FAC and sought to amend on the basis that the allegations in the operable Complaint appeared unclear. Declaration of Nana J. Yee ("Yee Decl.") ¶ 2, Ex. A. This draft sought to add allegations regarding the Long Term Incentive Plan and alleged fraud committed by Ameris to support his claim for wrongful termination in violation of public policy under his existing first cause of action. Yee Decl., ¶ 3. Plaintiff further attempted to rename his first cause of action to additionally allege "Adverse Employment Action" to his wrongful termination claim. *Id.* Plaintiff also added that his complaints of "fraud" were the basis for the company's retaliation against him in the Second Cause of Action. *Id.*

Ameris responded via letter on October 2, 2025, and explained that Plaintiff's claims he was terminated after complaining about fraudulent misrepresentations as they pertain to the LTIP's calculations were untimely. Yee Decl., ¶ 4, Ex. B. Not only was the LTIP disclosed early in Defendant's discovery, but Plaintiff was well aware of this plan and had copies of it throughout his employment with Ameris. In fact, he complained about the structure of the Long Term Incentive Plan before he was terminated. Accordingly, Plaintiff has been well aware of the information upon which he sought to amend his Complaint for several years and could have included this claim in his original Complaint. Ameris explained there was no good cause for an amendment at this time, no excuse for delay, and amendment of the Complaint at this stage would be prejudicial as the discovery cutoff was fast approaching and the deadline to prepare the motion for summary judgment fell soon after, so Ameris could not agree with Plaintiff's request to stipulate to a FAC.

///

///

///

On October 22, 2025, the parties appeared before Magistrate Judge Early for a meet and confer regarding depositions that lasted all day. At no time during that conference did Plaintiff mention his request to file a First Amended Complaint. Yee Decl., ¶ 5.

On October 27, 2025, Plaintiff gave Ameris with a second letter requesting consent to obtain leave to file a FAC. Yee Decl., ¶ 6, Ex. 6. *However, Plaintiff now requested consent to add two new claims, Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing. Id.* During Ameris's review of the *second* proposed FAC, it believed the redlined pleading provided by Plaintiff did not accurately reflect all modifications made to the original Complaint. However, counsel advised Plaintiff on November 6 it would review and provide a substantive response if Plaintiff provided a properly redlined amended pleading. Yee Decl. ¶ 7, Ex. D.

On November 12, 2025, Plaintiff sent a *third* draft of the proposed FAC. Yee Decl., ¶ 8, Ex. E. The third draft included *three* new claims, *Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Accounting*. *Id.* During a meet and confer call scheduled that same day, counsel for Ameris agreed to review this new draft of the FAC and provide a substantive response, as the prior draft contained numerous additions and deletions that were not redlined. Yee Decl., ¶ 9.

On *November 18, 2025*, Ameris responded to Plaintiff's letter and stated that it could not stipulate to Plaintiff's request to file a FAC as the information upon which Plaintiff sought to amend his Complaint was previously available to him at the time he filed his Complaint, the FAC was prejudicial to Ameris because the discovery cutoff was eleven (11) days away, and trial and motion deadlines were fast approaching. Yee Decl., ¶ 10.

Plaintiff did not respond to this letter and instead filed this *ex parte* application two weeks later. Prior to the filing of this application, Plaintiff never mentioned a need to modify the scheduling order to extend the expert discovery cut-off and only stated he wanted to modify the scheduling order. Yee Decl., ¶ 11, Ex. G.

## III. LEGAL ARGUMENT

### A. Plaintiff's Application Must Be Denied Because He Cannot Show The *Ex Parte* Relief Sought Is Not Attributable To A Lack Of Diligence On His Part

Plaintiff Patrick Byrne ("Plaintiff")'s *ex parte* application is improper and must be denied, as this alleged "emergency" was caused by Plaintiff's own failure to meet and confer in good faith and Plaintiff cannot show the *ex parte* relief sought is not attributable to a lack of diligence on his part. *Ex parte* applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas.* Co., 883 F. Supp. 488 (C.D. Cal. 1995). As stated in prior filings with this Court, Plaintiff has not "used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* at 488, 490, 493. As stated above, Plaintiff was well aware of all the issues raised in this application **prior to filing his lawsuit**. Despite this, Plaintiff chose to bring this application **three days** before the initial expert disclosure deadline in a blatant demonstration of gamesmanship. Plaintiffs raises no credible arguments as to why he waited to bring this application. Moreover, Plaintiff's belated arguments do not justify modification of the scheduling order. Plaintiff should have requested leave to amend his Complaint prior to April 11, 2025 and cannot show any emergency other than those he created. Therefore, Plaintiff's *ex parte* application should be denied, and the scheduling order should not be modified.

### B. Plaintiff Has Not Met and Conferred Or Provided Oral Notice In Violation of Local Rules

Plaintiff's application is procedurally defective because Plaintiff made no effort to provide oral notice of this application to Ameris. Local Rule 7-19.1 states "It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

---

Plaintiff only left one voicemail on December 1, 2025 and then sent an email *less than an hour before filing*. Yee Decl., ¶ 12, Ex. H.

Additionally, Plaintiff never made **any** efforts to meet and confer telephonically (or otherwise) regarding a modification of the scheduling order to extend the expert discovery cut-off. Plaintiff never responded to Ameris's November 18 letter regarding the proposed amended pleading and instead filed this application, failing to meet and confer. Plaintiff's failure to meet and confer or provide oral notice of this application is an independent basis to deny the *ex parte* application, and the scheduling order should not be modified based on Plaintiff's failure to abide by local rules.

### C. Plaintiff's Proposed FAC Is Not Based on Newly Acquired Information or Evidence and He Should Not Be Permitted to Amend His Complaint Under the Circumstances of this Case – Especially on an Emergency Basis

On September 19, 2025 - **over five months after the deadline to amend pleadings expired** - Plaintiff first wrote to Defendant requesting consent to file a FAC in this matter. Yee Decl., ¶ 2. Plaintiff then changed the draft FAC two more times, most recently on November 12, 2025. Yee Decl., ¶ 6, 8. However, as stated in Ameris's November 18, 2025 letter, the information upon which Plaintiff seeks to amend his Complaint was previously available to him at the time he filed the original Complaint, and there are no new facts or grounds on which to amend the Complaint. The LTIP was produced early in discovery, and Plaintiff had full knowledge of – and possession of – the plan throughout his employment. Indeed, he raised questions and had discussions about the LTIP well before his termination. In short, Plaintiff has long been aware of the information upon which he now seeks to base these proposed amendments and could have included these claims in his original Complaint.

Plaintiff's undue delay in seeking to amend his Complaint **7 months** after the amendment cut-off should not be permitted as Plaintiff has no excuse for his delay. The Ninth Circuit has repeatedly held that there are certain limitations on a party's ability to

---

*Patrick Byrne v. Ameris Bank*                                      *Case No. 8:24-01989*
Defendant Ameris Bank's Opposition of Plaintiff's Application
to Modify Scheduling Order                                          Page 6

amend under Federal Civil Rule 15. *C.F. ex rel. Farnan v. Capistrano Unified School District*, 654 F.3d 975, 985 (9th Cir. 2011) (*quoting Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Specifically, "[i]n determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens*, 244 F.3d at 712 (*quoting Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (*citing Foman*, 371 U.S. 178, 182 (1962)); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("Courts also may deny leave when 'undue prejudice to the opposing party will result'").

Relevant here, the Ninth Circuit has held that "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.*" Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). It is not an abuse of discretion to deny leave to amend under such circumstances. *See, e.g., Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). In determining whether there is undue delay, the Court reviews "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Cornell v. Columbus McKinnon Corp.*, 2015 WL 3453902 at *2 (N.D. Cal. May 29, 2015). Relevant here, courts have held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp., supra*, at 953; *Cornell, supra*, at *3; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991). "Although delay is not a dispositive factor in the amendment analysis, it is relevant ... especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999).

Here, the Court-ordered deadline to amend the pleadings expired on April 11, 2025. Plaintiff offers no valid justification for waiting seven (7) months past that deadline

---

to assert proposed new allegations and new causes of action, particularly given that: (A) Plaintiff was well aware of the existence of the LTIP including related calculations prior to his termination; and (B) Plaintiff raised questions about the LTIP during his employment. Rather than offer any valid justification for the delay, Plaintiff regurgitates stale arguments the Court rejected in ***July***.

At this stage, the parties have completed fact discovery. They have also engaged in substantial meet and confer efforts over the past several months, including multiple conferences with the Court. Plaintiff's last-minute attempt to add new allegations and new claims would severely prejudice Defendant's ability to prepare its defense, impair its ability to complete a Motion for Summary Judgment, and cause unnecessary delay in these proceedings.

Allowing Plaintiff to amend his Complaint at this stage of the litigation, days after discovery cut-off and with motion and trial deadlines approaching, would be highly prejudicial to Ameris. *See Quan v. San Franscisco Police Dep't*, 2011 WL 2460477 at *6 (N.D. Cal. 2011) ("While the Court is mindful of its interest in providing Plaintiffs with an opportunity to fully litigate any claims they may have against Defendants, the prejudice to *Foman* Defendants that would result from allowing Plaintiffs to overhaul their claims at the conclusion of the discovery period ... is sufficient to deny leave under Rule 15 at this time") (*citing Foman*, 371 U.S. at 182). Moreover, prejudice has been found where the "parties have engaged in voluminous and protracted discovery" prior to amendment. *Miramontes v. Mills*, 2015 WL 13609449 at *4 (C.D. Cal. 2015). That is plainly the case here. The parties have completed fact discovery. The initial expert disclosure deadline is in ***three days***. Ameris's deadline for filing its motion for summary judgment is in ***4 weeks***. Permitting an amendment at this stage to add new claims would be prejudicial to Ameris. Given that: 1) Plaintiff's failure to provide a good faith explanation for his delay in adding claims that were known to him during and after his employment with Ameris; and 2) the amendment would be highly prejudicial to Ameris, Plaintiff's request should be denied.

---

*Patrick Byrne v. Ameris Bank*          *Case No. 8:24-01989*
Defendant Ameris Bank's Opposition of Plaintiff's Application
to Modify Scheduling Order          Page 8

## IV.   CONCLUSION

Based on the above, Plaintiff's *Ex Parte* Application to Modify the Scheduling Order and for Leave to Amend the Complaint should be denied.

DATED:  December 2, 2025                    **NUKK-FREEMAN & CERRA, P.C.**

*/s/Nana Yee*
Stacy L. Fode, Esq.
Nana Yee, Esq.
Zachary Brower, Esq. (pro hac vice)
Attorneys for Defendant
AMERIS BANK