# Exhibit 9

EFiled: Oct 27 2025 11:31AM EDT
Transaction ID 77446138
Case No. N25C-05-071 KMM CCLD

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

AMERIS BANK,

        Plaintiff,

      v.

PATRICK E. BYRNE, THE
PATRICK E. BYRNE REVOCABLE
TRUST U/T/A DATED FEBRUARY
23, 2001, and THE PATRICK E.
BYRNE IRREVOCABLE TRUST
U/T/A DATED JULY 22, 2021,

        Defendants.

C.A. No. N25C-05-071 KMM CCLD

## DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT

Dated: October 27, 2025

REED SMITH LLP

Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500

*Counsel for Defendants Patrick E.
Byrne, The Patrick E. Byrne
Revocable Trust U/T/A Dated
February 23, 2001, and The Patrick
E. Byrne Irrevocable Trust U/T/A
Dated July 22, 2021*

EFiled: Oct 27 2025 11:31AM EDT
Transaction ID 77446138
Case No. N25C-05-071 KMM CCLD

Defendants[1] hereby move to vacate the default judgment entered against th[...] on July 18, 2025, in the amount of $1,844,524.62 (the "Judgment"), and state the following in support of their motion (the "Motion"):

## BACKGROUND

1.      Plaintiff purchased all the outstanding shares of Balboa Capital Corporation ("Balboa") under a Stock Purchase Agreement dated as of December 10, 2021 (the "SPA"). Compl. ¶¶ 8, 11. Section 8.2(f) of the SPA contemplates that Ameris can seek indemnification for "Losses" arising out two pending lawsuits and substantially related actions (the "MHT Litigation").[2]

2.      The Complaint seeks indemnification for $1,013,159.17 in attorneys' fees and $59,501.89 in litigation expenses owed by Balboa after a July 29, 2024 ruling by the District Court for the Northern District of Texas on motions filed in sixteen (16) consolidated actions. Ex. 1 at 3; *see* Compl. ¶ 15. Plaintiff also seeks "$472,352.34 in attorneys' fees and expenses for Balboa's legal representation in the MHT Litigation." Compl. ¶ 18.

---

[1] "Defendants" refers, collectively, to Patrick E. Byrne ("Byrne"), Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021. "Plaintiff" or "Ameris" refers to Plaintiff Ameris Bank.

[2] Section 8.2(f) defines the MHT Litigation as follows: "(i) *Dr. Jaideep Patel v. Scott Postle, Balboa Capital Corporation, et al.,* (ii) *Samuel Feng, M.D. v. America's MHT, Inc., et al,* (iii) any appeal of either the foregoing (i)-(ii), or (iv) other Action substantially related to the facts and circumstances underlying the foregoing (i)-(ii) (clauses (i)-(iv), collectively, the 'MHT Litigation')." *See* Compl. ¶¶ 10, 20.

EFiled:  Oct 27 2025 11:31AM EDT
Transaction ID 77446138
Case No. N25C-05-071 KMM CCLD

3.      Since mid-September 2024, Byrne and Ameris have been engaged litigation in the District Court for the Central District of California (the "California Action") based on Ameris' alleged wrongful termination of Byrne.  Aff. ¶ 2.  On or around May 1, 2025, Ameris sent a copy of an unfiled complaint (substantially similar to the Complaint) to Byrne's counsel in the California Action.  Aff. ¶ 3. Byrne's counsel subsequently prepared an email alert to ensure they received notice of any action initiated by Ameris in this Court or the Court of Chancery.  Aff. ¶ 4.

4.      Ameris filed the Complaint on May 7, 2025.  The next day, Byrne's counsel received an auto-generated email notice that the Complaint had been filed. *Id.*  No email notices of subsequent filings were received by Byrne's counsel. *Id.*

5.      Ameris' counsel contacted Byrne's counsel in the California Action and asked if she would accept service of process.  Aff. ¶ 7.  Byrne's counsel in the California Action confirmed she was not authorized to accept service of process. *Id.*

6.      On June 10, 2025, Ameris' counsel submitted an affidavit of service indicating that service had been effectuated upon Defendants, on June 2, 2025, via "Certified Mail, Return Receipt Requested" at 70 Monarch Bay Drive, Dana Point California 92629.  Dkt. 4. The affidavit attached three return receipts, all of which indicated they were received by "Byrne." *Id.*  Byrne does not recognize the signatures on the return receipts, Aff. ¶ 5; these signatures also appear materially different than Byrne's signatures in the SPA, *see* Ex. 2.  To date, Byrne maintains

EFiled:  Oct 27 2025 11:31AM EDT
Transaction ID 77446138
Case No. N25C-05-071 KMM CCLD

that he has never received service of process of the Complaint (via any method.

Aff. ¶ 5.

7.    Byrne informed his counsel that he had not yet received service of the Complaint on multiple occasions, both before and after June 2, 2025—including in writing on June 16 (just two weeks after he was purportedly served).  Aff. ¶ 6.

8.    Two weeks after Defendants' answer would have been due (assuming proper service), Plaintiff directed the Prothonotary to enter the Judgment.  Dkt. 5. Plaintiff did not notify Byrne's counsel before seeking or obtaining the Judgment.

9.    Byrne learned about the Judgment for the first time on October 20.  The next day, the undersigned counsel contacted Plaintiff's counsel by phone (and followed up via email the following day) to inquire whether Ameris would consent to vacating the Judgment.  On October 22, Plaintiff's counsel confirmed Ameris would not consent to vacating the Judgment.

## ARGUMENT

10.    Under Rule 60(b), a party may obtain relief from a default judgment for any of "the following reasons: (1) [m]istake, inadvertence, surprise, or excusable neglect … (4) the judgment is void; … or (6) any other reason justifying relief from the operation of the judgment."  "Because courts favor Rule 60(b) motions to allow each part to be heard on the merits of the case, the rule is liberally construed." *Dalton v. Pac. Rim Cap.*, 2020 WL 6158115, at *2 (Del. Super. Oct. 20, 2020).  Indeed,

- 3 -

EFiled:  Oct 27 2025 11:31AM EDT
Transaction ID 77446138
Case No. N25C-05-071 KMM CCLD

"liberality is highly favored where the opening of default judgments is concer because of a because of a basic underlying policy which prefers that [defendants have their] day in court.  A trial on the merits is considered superior to a default judgment." *Keystone Fuel Oil Co. v. Del-Way Petroleum Inc.*, 364 A.2d 826, 828 (Del. 1976).

## I.    This Court Should Vacate the Judgment Under Rule 60(b)(4)

11.    **First**, this Court should grant the Motion under Rule 60(b)(4) because Defendants maintain they never actually received service of process.  *See MidFirst Bank v. Mullane*, 2022 WL 4460810, at *7 (Del. Super. Sept. 26, 2022) ("A judgment is void if entered against a defendant who did not receive sufficient service of process."); *TecSyn PMP, Inc. v. Aerometals, Inc.*, 1994 WL 145990, at *3 (Del. Super. Mar. 15, 1994) (vacating default judgment where service was contested).

12.    **Second**, relief under Rule 60(b)(4) is also appropriate because Rule 55(b)(1) only permits entry of default judgment by the Prothonotary if "plaintiff's claim … is for a sum certain."  Here, Plaintiff seeks damages in "***an amount to be proven at trial***, but not less than $1,545,013.40." Compl. ¶¶ 38, 45, 53 (emphasis added).  Elsewhere, Plaintiff acknowledges its claimed Losses were uncertain as of filing. *See* Compl. ¶ 27.  Plaintiff's allegations aside, the amount in dispute is also uncertain because Defendants dispute: (i) whether the entire amount awarded by the district court falls within their indemnification obligations under the SPA; and (ii)

EFiled:  Oct 27 2025 11:31AM EDT
Transaction ID 77446138
Case No. N25C-05-071 KMM CCLD

whether the underlying costs and expenses incurred *by Ameris* were "reasonab[le]" as required to constitute "Losses" under the SPA.  Compl. ¶ 20 (quoting SPA).

## II.    The Judgment Should Be Vacated Under Rule 60(b)(1)

13.    To demonstrate excusable neglect, a party must show "(1) their conduct in failing to respond was the product of excusable neglect; (2) they have a meritorious defense that would allow for a different result if the case was heard on the merits; and (3) the plaintiff will not suffer substantial prejudice if the motion is granted." *Dalton*, 2020 WL 6158115, at *3.

14.    Excusable neglect exists where "there [was] some confusion regarding the service of the summons and complaint" including "when and where it was delivered, as well as who received it." *Kohler v. Hughes*, 2000 WL 1211140, at *2 (Del. Super. Feb. 2, 2000).  Here, a finding of excusable neglect is appropriate because there is more than mere "confusion" regarding service of process. *Id.*

15.    Defendants affirmatively contest the propriety of service of process. Aff. ¶ 5.  Their failure to timely respond also stemmed from an inadvertent error in the scope of the automated notice of Ameris' filings.  This failure was compounded by Ameris' decision not to provide any notice to Byrne's counsel of its intent to seek default judgment (or its position that service had validly been effectuated). Defendants also have meritorious defenses, including that: (i) the Complaint was filed in violation of the SPA's mandatory venue provision, in favor of the Court of

EFiled:  Oct 27 2025 11:31AM EDT
Transaction ID 77446138
Case No. N25C-05-071 KMM CCLD

Chancery or the District of Delaware; and (ii) Defendants contest whether al

Plaintiff's claimed damages are actually indemnifiable.   Plaintiff will not suffer

prejudice if it is forced to litigate its dispute on the merits (and in the proper venue).

### III.    Relief from the Judgment Is Warranted Under Rule 60(b)(6)

16.    Even if this Court finds that the Judgment was not void and that Defendants have not established excusable neglect, this Court should exercise its discretion and find that the circumstances surrounding entry of the Judgment warrant relief pursuant to Rule 60(b)(6).   *See, e.g.*, *O'Rourke v. PNC Bank*, 2021 WL 3507666, at *4 (Del. Super. Aug. 9, 2021) (granting motion to vacate under Rule 60(b)(6) notwithstanding failure to establish excusable neglect); *Dalton*, 2020 WL 6158115, at *5-6 (same).

17.    As soon as Defendants learned that Plaintiff maintained that it had effectuated service of process (and, further, sought and obtained the Judgement) Defendants acted promptly to participate in this action.

[*signature on following page*]

**EFiled:  Oct 27 2025 11:31AM EDT**
**Transaction ID 77446138**
**Case No. N25C-05-071 KMM CCLD**

Dated: October 27, 2025                    REED SMITH LLP

*/s/ Benjamin P. Chapple*
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500

*Counsel for Defendants Patrick E.*
*Byrne, The Patrick E. Byrne*
*Revocable Trust U/T/A Dated*
*February 23, 2001, and The Patrick*
*E. Byrne Irrevocable Trust U/T/A*
*Dated July 22, 2021*