# Exhibit 11

**EFiled:  Jan 20 2026 04:30PM EST**
**Transaction ID 78240830**
**Case No. N25C-05-071 KMM CCLD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMERIS BANK,

      Plaintiff,

    v.

PATRICK E. BYRNE, THE PATRICK E. BYRNE REVOCABLE TRUST U/T/A DATED FEBRUARY 23, 2001, and THE PATRICK E. BYRNE REVOCABLE TRUST U/T/A DATED JULY 22, 2021,

      Defendants.

C.A. No. N25C-05-071 KMM CCLD

**Public Version Filed:**
**January 20, 2026**

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR IMPROPER VENUE

Dated: December 18, 2025

REED SMITH LLP
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
bchapple@reedsmith.com
jmiraglia@reedsmith.com

*Counsel for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

FACTUAL BACKGROUND.....................................................................................3

NATURE AND STAGE OF THE PROCEEDINGS .................................................5

STATEMENT OF QUESTIONS INVOLVED..........................................................6

ARGUMENT .............................................................................................................6

    A.    Legal Standard..............................................................................6

    B.    Section 10.8 of the SPA Limits Venue to the Court of Chancery or the U.S. District Court for the District of Delaware ........................7

    C.    Neither Exception to Honoring the Parties' Forum Selection Clause Applies.................................................................................9

    D.    The Specific Language in Section 10.8 Qualifies the More General Language in Section 8.4(c).....................................................10

CONCLUSION........................................................................................................12

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*DCV Hldgs., Inc. v. ConAgra, Inc.*,
    889 A.2d 954 (Del. 2005) ...................................................................................11

*GPV I FIZAN v. Surgalign Hldgs., Inc.*,
    2023 WL 1796293 (Del. Super. Ct. Feb. 7, 2023) ......................................3, 6, 9

*ITW Glob. Invs. Inc. v. Am. Indus. Partners Capital Fund IV, L.P.*,
    2015 WL 3970908 (Del. Super. Ct. June 24, 2015) ...............................................3

*Kuhn Constr., Inc. v. Diamond State Port Corp.*,
    990 A.2d 393 (Del. 2010) ...................................................................................11

*Lorillard Tobacco Co. v. Am. Legacy Found.*,
    903 A.2d 728 (Del. 2006) ...................................................................................11

*Loveman v. The NuSmile, Inc.*,
    2009 WL 847655 (Del. Super. Ct. Mar. 31, 2009)................................................9

*Pac. Ins. Co. v. Liberty Mut. Ins. Co.*,
    956 A.2d 1246 (Del. 2008) ...................................................................................8

*PPF Safeguard, LLC v. BCR Safeguard Hldg., LLC*,
    2010 WL 2977392 (Del. Ch. July 29, 2010) ........................................................7

*PPL Corp. v. Riverstone Hldgs. LLC*,
    2019 WL 5423306 (Del. Ch. Oct. 23, 2019) ........................................................8

*Thompson v. Lynch*,
    990 A.2d 432 (Del. 2010) .....................................................................................2

*TMIP Participants LLC v. DSW Grp. Hldgs. LLC*,
    2016 WL 490257 (Del. Ch. Feb. 4, 2016)..........................................................11

**Rules**

Del. Super. Ct. Civ. R. 12(b)(3)...............................................................1, 3, 6, 12

Defendants[1] respectfully submit this Opening Brief in support of their Motion to Dismiss the complaint Plaintiff filed on May 7, 2025 (the "Complaint") for improper venue pursuant to Superior Court Rule of Civil Procedure 12(b)(3).

## PRELIMINARY STATEMENT

Plaintiff alleges in its Complaint that Defendants are liable for indemnification, breach of contract (in the alternative to indemnification), and promissory estoppel. Plaintiff's claims are premised on the parties' Stock Purchase Agreement dated December 10, 2021 (the "SPA").

The SPA contains two provisions relevant to Defendants' Motion to Dismiss for Improper Venue: Sections 8.4(c) and 10.8. These provisions are unambiguous and consistent. Section 8.4(c) establishes that Delaware's state and federal courts have exclusive jurisdiction to hear and determine any dispute arising out of or in connection with the SPA; Section 10.8 establishes which Delaware courts qualify as proper venues—specifically, only the Delaware Court of Chancery or the United States District Court for the District of Delaware (the "District Court"). Plaintiff impermissibly filed its Complaint in this Court in contravention of Section 10.8 of the SPA. The District Court is an appropriate venue based on diversity jurisdiction.

---

[1] "Defendants" refers, collectively, to Patrick E. Byrne ("Byrne"), The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Revocable Trust U/T/A dated July 22, 2021. "Plaintiff" or "Ameris" refers to Plaintiff Ameris Bank.

Delaware courts decline to enforce contractual choice-of-forum provisions under only two circumstances: if (i) enforcement would be unreasonable and unjust under the circumstances; or (ii) the forum selection clause was procured by fraud.[2] Neither exception applies.   Enforcement of Section 10.8 would be neither unreasonable nor unjust; nothing procedurally prevents or otherwise impairs Plaintiff from filing its Complaint in the District Court.  Indeed, Plaintiff embraces Section 10.8 in its Complaint, alleging that "Section 10.8 similarly provides for jurisdiction in Delaware courts" and "[i]n SPA Section 10.8, the parties also agreed to venue in Delaware …. Venue is therefore appropriate in this Court."  And Plaintiff contractually waived and agreed not to plead or claim in either the Court of Chancery or the District Court that any applicable action brought there has been brought in an inconvenient forum (let alone "unreasonable and unjust").  Plaintiff likewise cannot establish that Section 10.8 was procured by fraud: the SPA was drafted by sophisticated parties negotiating at arms-length, and (again) Plaintiff embraces Section 10.8's enforceability and applicability in the Complaint.

---

[2] Defendants recognize that a Delaware court will not enforce a contractual forum selection clause if the forums identified by the parties do not independently have subject matter jurisdiction over the parties' dispute. *See, e.g.*, *Thompson v. Lynch*, 990 A.2d 432, 434 (Del. 2010) ("It is settled law that parties may not confer subject matter jurisdiction by agreement[.]").  But for the reasons stated herein, the District Court—one of two courts identified in Section 10.8—has subject matter jurisdiction over the parties' dispute (and, therefore, is a proper venue for Plaintiff's Complaint).

Moreover, to the extent Plaintiff argues that Sections 8.4(c) and 10.8 conflict (they do not) or are otherwise ambiguous (they are not), well-established principles of contract interpretation and construction demonstrate that Section 10.8 qualifies (not conflicts with) the meaning of Section 8.4(c) and limits venue to either the Court of Chancery or the District Court. A contrary reading would render language in Section 10.8 "mere surplusage."

For these and the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint under Rule 12(b)(3).

## FACTUAL BACKGROUND

On December 10, 2021, Plaintiff and Defendants entered into the SPA, under which Defendants sold to Plaintiff the issued and outstanding shares of capital stock of Balboa Capital Corporation and certain of its affiliates (collectively, "Balboa"). Compl. ¶ 11. A true and correct copy of the SPA is attached hereto as **Exhibit A.**[3]

In Section 8.4(c) of the SPA, the parties (i) consented to personal jurisdiction in Delaware; and (ii) agreed that Delaware state and federal courts shall hear any dispute arising out of the SPA:

---

[3] While the SPA was not attached as an exhibit to the Complaint, it is integral to, and incorporated by reference in, the Complaint. *See, e.g.*, *ITW Glob. Invs. Inc. v. Am. Indus. Partners Capital Fund IV, L.P.,* 2015 WL 3970908, at *4 (Del. Super. Ct. June 24, 2015). Regardless, this Court may consider extrinsic evidence from the outset when evaluating a motion to dismiss under Rule 12(b)(3). *See GPV I FIZAN v. Surgalign Hldgs., Inc.*, 2023 WL 1796293, at *4 (Del. Super. Ct. Feb. 7, 2023).

Resolution of Disputes.  Any dispute submitted to litigation pursuant to this Section 8.4(c) shall be finally and conclusively determined by litigation in a court of competent jurisdiction.  Each party to this Agreement agrees that the state and federal courts located in the State of Delaware (the "Delaware Courts") shall have exclusive jurisdiction to hear and determine any Action, and to settle any disputes, which may arise out of or in connection with this Agreement and, for such purposes, consents to submit itself to the personal jurisdiction of such courts.  Each of the parties hereto (i) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, and (ii) agrees that it shall not bring any action relating to this Agreement or any of the Transactions in any court other than a Delaware Court.

Section 10.8 of the SPA, in turn, lists *which specific* state and federal courts in Delaware constitute the proper venue(s) for "purposes of any Action arising out of [the SPA] or the transactions contemplated [t]hereby."  SPA § 10.8.  Under Section 10.8, the parties submitted to the "exclusive jurisdiction" of the District Court and the Delaware Court of Chancery for purposes of "any Action arising out of" the SPA:

Each party hereto irrevocably submits to the exclusive jurisdiction of the United States District Court for the District of Delaware and the Court of Chancery of Delaware in the State of Delaware, for the purposes of any Action arising out of this Agreement or the transactions contemplated hereby.  Each party hereto agrees to commence any such Action either in the United States District Court for the District of Delaware or the Court of Chancery of Delaware in the State of Delaware ….  Each party hereto irrevocably and unconditionally waives any objection to the laying of venue of any Action arising out of this Agreement or the transactions contemplated hereby in the United States District Court for the District of Delaware and the Court of Chancery of Delaware in the State of Delaware, and hereby further irrevocably and unconditionally waives and agrees not to plead or claim

- 4 -

in any such court that any such Action brought in any such court has been brought in an inconvenient forum.

On May 7, 2025, Plaintiff filed the Complaint in this Court.  Plaintiff alleges jurisdiction in this Court is appropriate under Section 10.8 of the SPA, despite that section exclusively identifying the District Court and the Court of Chancery as appropriate venues.

Plaintiff alleges in Count I of the Complaint, styled as "Indemnification and Breach of Contract (Pled in the Alternative)", that it is entitled to indemnification under the SPA for purported losses resulting from litigation involving Balboa. Compl. ¶¶ 10, 32–38.  Plaintiff further alleges that it is alternatively entitled to damages in connection with Defendants' purported breach of Section 8.2(f) of the SPA.  *Id.* ¶¶ 39–45.  Plaintiff asserts a promissory estoppel claim in Count II and alleges that Byrne breached his purported promise to pay certain invoices in connection with litigation involving Balboa.  *Id.* ¶¶ 46–53.  Plaintiff seeks indemnification and compensatory damages.  *Id.*, "Relief Requested."

**NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff filed its Complaint on May 7, 2025 (Dkt. 1).  On July 16, 2025, Plaintiff filed a Direction for Entry of Judgment by Default (Dkt. 5).  On October 27, 2025, Defendants filed a Motion to Vacate Default Judgment (the "Motion to Vacate") (Dkt. 8).  Plaintiff filed its Opposition to the Motion to Vacate on

November 26, 2025 (Dkt. 11).  This Court held a hearing on the Motion to Vacate on December 5, 2025, at which the Court granted the Motion to Vacate and instructed Defendants to respond to the Complaint on or before Friday, December 19, 2025 (Dkt. 12).  This is Defendants' response.

## STATEMENT OF QUESTIONS INVOLVED

1.      Whether, pursuant to Rule 12(b)(3), the Complaint should be dismissed for improper venue because in Section 10.8 of the SPA, the parties submitted to the "exclusive jurisdiction" of the District Court and the Delaware Court of Chancery for purposes of "any Action arising out of" the SPA.

## ARGUMENT

The Complaint should be dismissed for improper venue under Rule 12(b)(3) based on the parties' agreement in Section 10.8 of the SPA.

### A.    Legal Standard

Rule 12(b)(3) governs a motion to dismiss for improper venue.  Under this standard, "the Court should give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."  *Surgalign Hldgs.,* 2023 WL 1796293, at *5 (internal quotations omitted).  As then-Vice Chancellor Strine once explained:

> Delaware honors contractual choice of forum provisions.  Thus, under Rule 12(b)(3), a court will grant a motion to dismiss for improper venue based upon a forum selection clause where the parties use express language clearly indicating that the forum selection excludes all other

- 6 -

courts before which those parties could otherwise properly bring an action. Delaware courts defer to forum selection clauses and routinely give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation.

*PPF Safeguard, LLC v. BCR Safeguard Hldg., LLC*, 2010 WL 2977392, at *5 (Del. Ch. July 29, 2010) (internal quotations omitted).

### B.    Section 10.8 of the SPA Limits Venue to the Court of Chancery or the U.S. District Court for the District of Delaware

Section 10.8 covers the claims set forth in the Complaint. It provides that each party to the SPA "irrevocably submits to the ***exclusive*** jurisdiction" of the District Court and the Court of Chancery. SPA § 10.8 (emphasis added). Additionally, unlike Section 8.4(c), Section 10.8 specifically provides that the parties agree "to ***commence***" any action "arising out of [the SPA] or the transactions contemplated [t]hereby" in the District Court or the Court of Chancery. *Id.* § 10.8 (emphasis added); *see also id.* § 8.4(c). Section 10.8, unlike Section 8.4(c), uses the term "venue".

Count I of the Complaint is premised upon: (i) Plaintiff's purported right to indemnification under Section 8.2 of the SPA, *see* Compl. ¶¶ 32–33; and (ii) Byrne's purported breach of Section 8.2 (in the alternative), *see id.* ¶¶ 41–45. Count II of the Complaint (Promissory Estoppel) is premised upon Byrne's purported promise to reimburse Plaintiff for legal invoices, consistent with his obligations under the SPA.

*Id.* ¶¶ 24, 48–53.  All three claims, therefore, "arise out of" the SPA.  *See* SPA § 10.8; *PPL Corp. v. Riverstone Hldgs. LLC*, 2019 WL 5423306, at \*7 (Del. Ch. Oct. 23, 2019) (explaining "[b]road forum selection clauses apply not only to claims dealing directly with the terms of the contract itself, but also to any issues that touch on contract rights or contract performance." (internal quotations omitted)); *see also Pac. Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1257 (Del. 2008) ("[U]nder Delaware law, the term 'arising out of' is broadly construed ….").

Consequently, Plaintiff is contractually limited to filing the Complaint in either the Court of Chancery or the District of Delaware.  Section 8.4(c)'s broad reference to "the state and federal courts located in the State of Delaware" does not alter this conclusion.  The two provisions are unambiguous and entirely consistent: Section 8.4(c) establishes that Delaware's state and federal courts have exclusive jurisdiction to hear and determine any action arising out of or in connection with the SPA, and Section 10.8 clarifies **which** such courts qualify as proper venues.  Indeed, Section 10.8, unlike Section 8.4(c), explicitly reflects the parties' agreement to commence any applicable action **only** in the Court of Chancery or the District of Delaware.  *See* SPA §§ 8.4(c), 10.8.

### C. Neither Exception to Honoring the Parties' Forum Selection Clause Applies

Plaintiff cannot establish that either of the two exceptions that permit Delaware courts to decline to enforce an otherwise valid forum selection clause apply: if (i) enforcement would be unreasonable and unjust under the circumstances; or (ii) the forum selection clause was procured by fraudulent inducement. *Surgalign Hldgs.*, 2023 WL 1796293, at *5.

As to the first exception, "[a]n agreement is only unreasonable when its enforcement would seriously impair [the plaintiff's] ability to pursue its cause of action. Mere inconvenience or additional expense is not the test of unreasonableness." *Surgalign Hldgs.*, 2023 WL 1796293, at *6 (quoting *Loveman v. The NuSmile, Inc.*, 2009 WL 847655, at *3 (Del. Super. Ct. Mar. 31, 2009)).

Here, nothing prevents or otherwise impairs Plaintiff from filing its Complaint in the District of Delaware: the amount in controversy is over $75,000 and complete diversity exists among the parties. Compl. ¶¶ 1–4.[4] Moreover, Plaintiff "irrevocably and unconditionally waive[d] and agree[d] not to plead or claim in any such court

---

[4] Complete diversity exists because, for purposes of diversity jurisdiction, Plaintiff is deemed a citizen of Georgia and Defendants are all deemed citizens of California. Compl. ¶ 1 ("Ameris is corporation organized under the laws of the state of Georgia" and "[i]ts principal place of business is in Atlanta, Georgia"); *id.* ¶ 2 ("Byrne is an individual residing in Orange County, California."); *id.* ¶ 3 ("[T]he Trusts were formed in and under the laws of the state of California.").

[that is, the Court of Chancery or the District Court] that any such Action brought in any such court has been brought in an inconvenient forum." SPA § 10.8. And Plaintiff embraces Section 10.8's enforceability (and applicability) by specifically alleging that Section 10.8 "provides for jurisdiction in Delaware courts for the purposes of any action arising out of the SPA or related transactions" and that, in "Section 10.8, the parties also agreed to venue in Delaware[.]" Compl. ¶¶ 5–6. "Venue is therefore", Plaintiff continues, "appropriate in this Court." *Id.* ¶ 6.

Nor can Plaintiff establish that Section 10.8 "was procured by fraudulent inducement." The SPA was drafted by sophisticated parties negotiating at arms-length. Plaintiff cannot credibly challenge either the propriety of the SPA or Section 10.8 specifically. On the contrary, again, Plaintiff embraces Section 10.8's enforceability and applicability. *See* Compl. ¶¶ 5–6.

### D.    The Specific Language in Section 10.8 Qualifies the More General Language in Section 8.4(c)

The Court should reject any argument from Plaintiff that Section 8.4(c) conflicts with Section 10.8 or otherwise renders the provisions ambiguous. Application of well-established principles of contract interpretation and construction demonstrate that Section 10.8 qualifies (not conflicts with) the meaning of Section 8.4(c) and limits venue to either the Court of Chancery or the District Court.

"When interpreting a contract, the role of a court is to effectuate the parties' intent." *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 739 (Del. 2006). In so doing, courts are "constrained by a combination of the parties' words and the plain meaning of those words where no special meaning is intended." *Id.* A court is to "read a contract as a whole and … give each provision and term effect, so as not to render any part of the contract mere surplusage" and apply the plain meaning of unambiguous terms "in the context of the contract language and circumstances[.]" *Kuhn Constr., Inc. v. Diamond State Port Corp.*, 990 A.2d 393, 396–97 (Del. 2010); *Lorillard Tobacco*, 903 A.2d at 740. Delaware courts regard as a "basic principle" of contract construction that "specific language controls over general language in a contract", and "where specific and general provisions conflict, the specific provision ordinarily qualifies the meaning of the general one." *TMIP Participants LLC v. DSW Grp. Hldgs. LLC*, 2016 WL 490257, at *12 (Del. Ch. Feb. 4, 2016); *DCV Hldgs., Inc. v. ConAgra, Inc.*, 889 A.2d 954, 961 (Del. 2005).

By "submit[ting] to the exclusive jurisdiction of the United States District Court for the District of Delaware and the Court of Chancery of Delaware in the State of Delaware, for the purposes of any Action arising out of this Agreement or the transactions contemplated hereby" and agreeing "to commence any such Action either in" District Court or the Court of Chancery, the parties demonstrably intended to limit venue to those two courts. *See* SPA § 10.8. Section 10.8 is more specific

- 11 -

than Section 8.4(c) and thus controls. Accordingly, to the extent there is any conflict between these provisions, Section 10.8 qualifies the meaning of the phrase "the state and federal courts located in the State of Delaware" in Section 8.4(c).

To permit the parties' dispute to proceed in this Court would effectively preclude the parties' venue designation in Section 10.8 from having any practical force or effect and impermissibly render language in that section "mere surplusage."

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss and dismiss the Complaint for improper venue under Rule 12(b)(3).

Dated: December 18, 2025

Respectfully submitted,

REED SMITH LLP

*/s/ Benjamin P. Chapple*
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
bchapple@reedsmith.com
jmiraglia@reedsmith.com

*Counsel for Defendants*